STATE OF NORTH CAROLINA v. WILLIAM RUSSELL STALLINGS

No. 652A85

(Filed 6 May 1986)

1. **Criminal Law § 142.3— probation—conditions—authority of court**

  A court has the inherent power to suspend a judgment upon just and reasonable conditions and need not rely on its additional statutory authority to dictate the conditions of probation. N.C.G.S. 15A-1343(b).

2. **Criminal Law § 142.3— probation—restitution of drug purchase money—proper**

  The restitution a defendant was ordered to pay as a condition of probation was reasonably related to the rehabilitative objectives of probation and was reasonable and just under the circumstances of the case where defendant was convicted of possession and delivery of cocaine and was ordered to repay the $600 paid by an SBI agent for the purchase of cocaine. N.C.G.S. 90-95.3 (1985).

APPEAL by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, reported in 77 N.C. App. 375, 335 S.E. 2d 344 (1985), which found no error in the trial and conviction of defendant before *Martin, J.,* at the 18 June 1984 session of Superior Court, JOHNSTON County. Heard in the Supreme Court 15 April 1986.

*Lacy H. Thornburg, Attorney General, by Dennis P. Myers, Assistant Attorney General, for the state.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Leland Q. Towns, Assistant Appellate Defender, for defendant.*

MARTIN, Justice.

Evidence for the state was presented chiefly through the testimony of Rod A. Broadwell, a special agent for the SBI, who had been involved in an undercover drug investigation in Johnston County since March 1983. He testified that in December of

that year, he had gone with two other individuals to a mobile home where defendant lived with Rickie Williams. Williams agreed to purchase some cocaine for one of the individuals accompanying Broadwell. Williams and Broadwell then left the trailer in search of cocaine but returned empty-handed. According to Broadwell's testimony, Williams told Broadwell to give him $600 and he and defendant would "get it." Broadwell then paid the $600 to Williams. Broadwell further testified that defendant agreed to drive the car and that defendant left with Williams. They returned about an hour later, and defendant produced from his left coat pocket a plastic zip-lock bag containing a white powder substance, which he handed to Broadwell. The powder was subsequently tested and determined to be cocaine.

[1] Defendant was found guilty of possession and delivery of cocaine in violation of N.C.G.S. § 90-95(a)(1) and (3). The trial court sentenced him to three years, the presumptive term for a Class H felony, of which six months was to be served actively, and recommended work release. As a regular condition of probation, the trial court ordered defendant to pay from his work release earnings $600 in restitution to the SBI. Defendant contends that restitution under these circumstances is not authorized by N.C.G.S. § 15A-1343(b) and that it was error to require its payment as a condition of work release. We hold, however, that because a court has the inherent power to suspend a judgment upon reasonable and just conditions, the trial court need not rely on its additional statutory authority to dictate the conditions of probation.

The power of the courts to suspend judgment existed at common law. 4 W. Blackstone, *Commentaries* *394. It has been recorded in the opinions of this Court at least since *State v. Bennett*, 20 N.C. 170 (1838). In *Myers v. Barnhardt*, 202 N.C. 49, 51, 161 S.E. 715, 716 (1932), this Court held:

> The practice of suspending judgments in criminal prosecutions, upon terms that are reasonable and just . . . with the consent of the defendant, has so long prevailed in our courts of general jurisdiction that it may now be considered established, both by custom and judicial decision, as a part of the permissible procedure in such cases.

The adoption of Article 82, Probation, of Chapter 15A did not affect the inherent power of the court to suspend sentences in

criminal cases upon reasonable and just conditions. Article 82 establishes cumulative and concurrent procedures which supplement rather than limit the inherent sentencing power of the court. As this Court held with respect to the predecessor probation statute, Article 82 only provides the courts with additional authority concurrent with the inherent power of the court.

> A court has the inherent power to suspend a judgment or stay execution of a sentence in a criminal case. The probation statute, General Statutes, Ch. 15, Art. 20, adopted in 1937, did not withdraw this authority from the courts. That Act provides a procedure which is cumulative and concurrent rather than exclusive.

*State v. Simmington*, 235 N.C. 612, 614, 70 S.E. 2d 842, 844 (1952). In *Simmington* this Court made it clear that a judge is free to suspend the execution of a sentence of imprisonment on condition the defendant compensate those whom he has injured and that the defendant has the option to serve his sentence or accept the conditions imposed or appeal. Our holding is buttressed by the express language of N.C.G.S. § 15A-1343(a) (1983):

> The court may impose conditions of probation reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so.

[2] It is clear that the $600 paid by the SBI agent in the purchase of the cocaine is a proper subject of restitution. N.C.G.S. § 90-95.3 (1985). Any other result would not only deprive the state of the money, but would unjustly enrich criminals. *Shore v. Edmisten, Atty. General*, 290 N.C. 628, 227 S.E. 2d 553 (1976). In the case before us, a jury found defendant guilty of possession and delivery of cocaine, and the trial court offered him the option of serving a three-year active sentence or serving six months and paying restitution. The amount ordered was patently relevant to the pecuniary injury inflicted upon the state by defendant's criminal activities: the $600 was paid by an agent of the state to Williams for the purchase of cocaine, whereupon defendant delivered the drug to officer Broadwell. We find that the restitution ordered was reasonably related to the rehabilitative objectives of probation, N.C.G.S. § 15A-1343(a), and that the condition was reasonable and just under the circumstances of this case. *Simmington*, 235 N.C. 612, 70 S.E. 2d 842. It is perceived to be a

rehabilitative advantage to have a defendant assume full responsibility for all consequences of his misdeeds. *Alexander v. Johnson*, 742 F. 2d 117 (4th Cir. 1984). By so doing, the defendant will realize the full implications of unlawful acts and be less likely to commit further crimes.

Contrary to defendant's argument, the trial court's order for restitution was not made as a condition of attaining work release pursuant to N.C.G.S. § 148-33.2(c). Work release was ordered by the trial court pursuant to N.C.G.S. § 148-33.1(a). The order for restitution was a regular condition of probation. Moreover, defendant's reliance upon *Evans v. Garrison*, 657 F. 2d 64 (4th Cir. 1981), is misplaced. As a condition of parole, the trial court in *Evans* ordered defendant to pay to the state $2,500 as restitution for "estimated investigative expenses" with respect to the drug activities of defendant. Under the facts of that case, the appellate court held that the state was not a "victim of crime" within the meaning of N.C.G.S. § 15A-1343(d) and therefore the order was invalid. *Cf. Alexander v. Johnson*, 742 F. 2d 117 (4th Cir. 1984) (restitution to state of costs of court-appointed counsel under North Carolina statutes held to be constitutional). *Evans* is readily distinguishable from the case at hand. Here, we are concerned not with "estimated investigative expenses" but with the actual $600 of which the state was deprived by the defendant's criminal acts. Most assuredly, the state was a "victim of crime" because of the sale and the delivery of the cocaine. We note from the transcript that codefendant Williams was not ordered to pay restitution.

The amount of restitution ordered was supported by the record. We find the judgment to be reasonable, just, relevant to the purposes of sentencing, and "reasonably necessary to insure that defendant will lead a law-abiding life." N.C.G.S. § 15A-1343(a).

The decision of the Court of Appeals is accordingly

Modified and affirmed.