STATE of Wisconsin, Plaintiff-Respondent,

v.

James D. CONNELLY, Defendant-Appellant.

Court of Appeals

*No. 87–1024–CR. Submitted on briefs January 11, 1988.—
Decided February 11, 1988.*

(Also reported in 421 N.W.2d 859.)

For the defendant-appellant the cause was submitted on the briefs of *Mary E. Waitrovich,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Heidi J. Block,* assistant attorney general.

Before Dykman, Eich and Sundby, JJ.

EICH, J. James Connelly appeals from that portion on a judgment of conviction requiring him to pay restitution and from an order denying his motion to refund payments already made. The issue is whether the trial court has authority to order a defendant convicted of delivering controlled substances to reimburse the police for funds used to make the purchase

which resulted in the conviction. We conclude that the court possesses such authority and therefore affirm.

Connelly was charged and convicted of two felony counts of delivery of controlled substances shortly after he sold quantities of marijuana to undercover Madison police officers for $545. Sentence was withheld and on May 24, 1985, the court placed Connelly on probation for three years. One of the conditions of his probation was that he pay $545 "restitution" to the Madison Police Department in order to reimburse the department for the "buy money." Approximately one year later, Connelly's probation was revoked for violation of other conditions and he was sentenced to five years in prison. At that time, he had paid $303.75 of the total amount ordered. In March, 1987, Connelly filed a motion challenging the imposition of the restitution condition and seeking a refund of amounts paid. The trial court denied the motion and Connelly appeals.

The state argues first that we need not reach the merits of Connelly's claim that the court lacked authority to order restitution because his challenge is untimely. The state, relying on *State v. Gerard,* 57 Wis. 2d 611, 625, 205 N.W.2d 374, 382, *appeal dismissed,* 414 U.S. 804 (1973), contends that because Connelly did not attack the restitution condition prior to the time his probation was revoked, he has waived any challenge.

In *Gerard,* the defendant was convicted of several counts of burglary. The court imposed and stayed a twenty-year prison sentence and placed the defendant on probation, conditioned in part on a requirement that he pay $30,000 restitution to the people whose property he had taken. His probation was eventually revoked and he began serving the prison sentence. He

then attempted to challenge the restitution order claiming, *inter alia,* that others were involved in the burglaries and he was unable to pay the entire $30,000 himself. The court concluded that because sec. 973.09(3), Stats. (1971) (now sec. 973.09(3)(a)), allowed modification of probationary terms "[p]rior to the expiration of any probationary period," and because the defendant's probation had been revoked, he could not challenge the restitution condition. *Id.,* 57 Wis. 2d at 625, 205 N.W.2d at 382. Specifically, the court held that the defendant's claim that he could not meet the condition was "premature for the reason that he is not now on probation—he is incarcerated, serving a part of his sentence." *Id.* The court noted, however, that the defendant would have the opportunity to seek modification "[a]fter [he] regains his probationary status ...." *Id.*

■

We do not believe that *Gerard* compels the result advocated by the state in this case. Connelly's challenge is not that he is (or was) unable to make the ordered payments, as in *Gerard.* Rather, he contends that the trial court was without legal authority to order restitution to the police department in the first place. The question is not whether modification of probation is possible after revocation, but whether the restitution order was void *ab initio.* As a result, *Gerard* is distinguishable, and we reach the merits of Connelly's claim.

Section 973.09(1)(a), Stats., authorizes a trial court to "impose any conditions which appear to be reasonable and appropriate" when it places a defendant on probation. Connelly argues, however, that the court's authority is limited by sec. 973.09(1)(b), which provides in pertinent part as follows:

> If the court places the person on probation, *the court shall require restitution designed to compensate the victim's pecuniary loss* resulting from the crime to the extent possible .... If the court does not require restitution to be paid to a victim, the court shall state its reason on the record. (Emphasis added.)

Connelly maintains that the court's order did not comply with sec. 973.09(1)(b), Stats., because there was no "victim." He asserts that drug offenses are, by their nature, "victimless crimes," and that, even so, the police department could not be considered a crime victim under any circumstances. He also contends that the money expended to buy the drugs did not constitute a "pecuniary loss" to the department as that term is defined in sec. 973.09(8)(a): "All special damages ... which a person could recover against the probationer in a civil action arising out of the ... [criminal] events ... including ... the money equivalent of loss resulting from property taken ... and out-of-pocket losses ...."

For reasons we believe to be too obvious to recite, we disagree with Connelly's assertion that sale of narcotics is a "victimless crime." Society may be no less a victim of this type of criminal conduct than an individual who may be more directly harmed. We also question Connelly's assertion that public funds expended by a law enforcement agency to purchase drugs—funds which, in addition to forming the basis for the conviction, have gone directly into the criminal's pocket—do not represent "special damages" or "out-of-pocket losses" within the meaning of sec. 973.09(8)(a), Stats. We need not reach the question, however, for even if we were to accept Connelly's argument that the condition imposed by the trial

court did not constitute victim restitution as described in sec. 973.09(1)(b), we are satisfied that it is nonetheless a "reasonable and appropriate" condition of probation within the meaning of sec. 973.09(1)(a).

First, Connelly reads sec. 973.09(1)(b), Stats., too restrictively. The statute does not state that the only time a probationer can be required to pay out funds as a consequence of his or her criminal activity is to provide restitution to a crime victim. It simply requires that if there is an ascertainable victim, he or she must be compensated under the guidelines therein stated. The adoption of the mandatory victim restitution provisions of sec. 973.09(1)(b) did not inhibit or restrict the authority of a trial court to impose "reasonable and appropriate" conditions of probation, as generally authorized by sec. 973.09(1)(a). The provisions of secs. 973.09(1)(a) and (1)(b) are cumulative and concurrent; the latter section neither usurps nor abridges the former. The question is, therefore, whether the condition imposed by the trial court in this case may be considered reasonable and appropriate under sec. 973.09(1)(a).

Probation is not a matter of right to a defendant; it is within the trial court's discretion to allow, under such conditions as the court may consider reasonable in each case. *State v. Jackson,* 128 Wis. 2d 356, 362, 382 N.W.2d 429, 432 (1986). And the reasonableness of a condition is measured by how well it serves the dual goals of probation: "the rehabilitation of those convicted ... and the protection of the state and community interest." *Huggett v. State,* 83 Wis. 2d 790, 798, 266 N.W.2d 403, 407 (1978), quoting *State v. Tarrell,* 74 Wis. 2d 647, 653, 247 N.W.2d 696, 700 (1976). It has

long been recognized that requiring a defendant to reimburse a victim serves a rehabilitative purpose in that the defendant may thus "learn to consider more carefully the consequences of his or her actions." *Huggett,* 83 Wis. 2d at 798, 266 N.W.2d at 407. We believe the same may be said for requiring a defendant to reimburse a public agency for money lost during the commission of the crime. Reimbursement of the "buy money" may also increase the defendant's appreciation of the consequences of his or her criminal conduct. In addition, community interests will be served by such reimbursement since it furthers the interest of society in stopping drug dealers from plying their trade.

Other courts have so held. In *State v. Stallings,* 342 S.E.2d 519, 521 (N.C. 1986), the North Carolina Supreme Court ruled that a condition requiring the defendant to repay $600 he had received from law enforcement officers to procure cocaine was "reasonably related to the rehabilitative objectives of probation ...." In so ruling, the court recognized: (1) that "[a]ny other result would not only deprive the state of the money, but would unjustly enrich criminals"; (2) that the requirement "was patently relevant to the pecuniary injury inflicted upon the state by defendant's criminal activities"; and (3) that requiring a defendant to "assume full responsibility for all consequences of his [or her] misdeeds" served a rehabilitative purpose because it would help the defendant "realize the full implications of unlawful acts and be less likely to commit further crimes." *Id.*

A similar result obtained in *State v. Zaruba,* 306 N.W.2d 772, 775 (Iowa 1981) (citation omitted), where the Iowa Supreme Court, acknowledging that the

"restitution" provisions of the criminal code did not encompass a probation condition requiring the defendant to reimburse the state for funds used to purchase drugs, nonetheless held that the court's general authority to impose probation conditions designed to "promote rehabilitation of the defendant and protection of the community" provided ample legal authority for such a condition. Wisconsin's system of probation is designed to advance the same goals, *Huggett,* 83 Wis. 2d at 798, 266 N.W.2d at 407, and we find the reasoning of *Stallings* and *Zaruba* to be equally applicable to the facts of this case. We hold, therefore, that the trial court was legally authorized under sec. 973.09(1)(a), Stats., to order Connelly to reimburse law enforcement authorities for funds expended in the purchase of the controlled substances.

*By the Court.*—Judgment and order affirmed.