JOSEPH PAULUS, District Attorney, Winnebago County
You have asked for my opinion regarding two questions involving section 950.04 (1), Stats., entitled "Basic bill of rights for victims and witnesses." The statute currently provides in relevant part: "If the crime charged is a felony or is specified in ch. 940, the victim shall be notified whenever the defendant or perpetrator is released from custody." *Page 2 
You indicate that local law enforcement agencies are attempting to develop guidelines for the notification of victims when a person charged with a crime is released from pretrial custody. You ask two questions: First, are crimes specified in chapter 948 to be included for notification to victims? Second, are victims of all felonies to be notified of the defendant's release from custody?
Your first question arises because the enactment of section950.04 (1) predates the enactment of chapter 948. Section950.04 (1) was enacted by Chapter 219, Laws of 1979, and was published on May 7, 1980. Chapter 948 was enacted by 1987 Wisconsin Act 332 with an effective date of July 1, 1989. In my opinion, the notice requirements of section 950.04 (1) apply to crimes charged under chapter 948.
Chapter 948 reorganized into a single code crimes against children which had previously been located in chapters 939 to 948. The drafting note to the legislative council's special committee on crimes against children states that the intent of the reorganization was to "emphasize the seriousness of these offenses against the most vulnerable of crime victims in our society; and make these crimes easier to locate and apply in practice, resulting in a more consistent pattern of charging decisions among prosecutors throughout the state." (Legislative Reference Bureau 3264.)
Chapter 950 is prefaced by a statement of legislative intent. The rights extended in the chapter to victims are to be honored and protected "in a manner no less vigorous than the protections afforded criminal defendants." Sec. 950.01, Stats. Consistent with this legislative intent, the crimes against children reorganized in chapter 948 must be viewed as subject to the notice requirement of section 950.04 (1). This construction of the statute would also give effect to the legislative purpose in creating chapter 948 which was, in part, to emphasize the seriousness of crimes committed against children. The primary goal of statutory construction is to make effective the intent of the statute. State v. *Page 3 Pham, 137 Wis.2d 31, 34, 403 N.W.2d 35 (1987). An interpretation of a statute which fulfills the objectives of the statute is to be favored over an interpretation which defeats the statutory objective. Belleville State Bank v. Steele, 117 Wis.2d 563,570, 345 N.W.2d 405 (1984).
The fact that chapter 948 was created by legislative enactment after the creation of the notice requirement in section 950.04 (1) does not alter my opinion. In some cases, the crimes reorganized in chapter 948 merely restate the crimes in language similar to predecessor statutes. However, in some cases the scope of liability is broadened or the penalty enhanced. Compare sec.948.02 (3), Stats. (1987-88), with its predecessor statute, sec.940.225 (1), Stats. (1985-86). In other cases, chapter 948 has created new crimes. See sec. 948.04, Stats. Again, these facts do not alter my opinion.
Section 950.04 (1) is a statute remedial in nature. Its enactment by the Legislature did not affect any vested rights. There is no issue of due process. On the contrary, the statute was intended to create a remedy for the generally perceived neglect of the interests of crime victims. Remedial legislation should be construed broadly to achieve its statutory purpose. Madison v.Hyland, Hall Co., 73 Wis.2d 364, 373, 243 N.W.2d 422
(1976). I have no doubt that the intent of the Legislature was that the notice requirement of section 950.04 (1) should apply to all existing crimes and to all crimes created or substantively changed after its enactment. There is no constitutional impediment or principle of law which would defeat this construction of the statute. I am confident that a reviewing court would give effect to the legislative purpose by applying the notice requirement not only to crimes in existence at the time of its enactment but also to crimes created by subsequent statutes.
You should note that the notice requirement of section950.04 (1) does not apply to all crimes defined in chapter 948 or to the criminal code generally. Victims of a crime are to be notified of a defendant's release from custody in two situations: *Page 4 
if the crime charged is a felony or if the crime charged is specified in chapter 940. These two situations are stated in the disjunctive which means that each alternative is an independent ground for requiring notice to the victim. A literal application of the disjunctive form would appear consistent with the intent and purpose of the statute. See State v. Duychak, 133 Wis.2d 307,317, 395 N.W.2d 795 (Ct.App. 1986). The syntax of the statute also means that any crime charged in chapter 940 is subject to the notice requirement regardless of whether the crime is a felony or misdemeanor. Chapter 940 codifies crimes against life and bodily security.
Section 950.04 (1) was amended by 1987 Wisconsin Act 332, section 64, to add the language "or s. 948.02, 948.03 or 948.05" to define the crimes which require notice to the victim. 1987 Wisconsin Act 332 was the legislative act which created chapter 948. It would appear that this amendment was surplusage because the existing statute already required notice if the crime charged was a felony and each of the crimes defined in sections 948.02,948.03 and 948.05 are felonies. See State v. Ross, 73 Wis.2d 1,5, 242 N.W.2d 210 (1976). Section 948.02 proscribes sexual assault of a child. Section 948.03 proscribes physical abuse of a child. Section 948.05 proscribes sexual exploitation of a child.
The Legislature apparently recognized that the cross-reference created in section 950.04 (1) to three statutes in chapter 948 was unnecessary and potentially misleading. By 1989 Wisconsin Act 31, section 2837r, the Legislature removed the cross-reference in section 950.04 (1) to sections 948.02, 948.03 and 948.05. The effective date of this act is August 9, 1989. This most recent amendment of section 950.04 (1) is convincing evidence that the Legislature acknowledged that the notice requirements to the victim already applied if the crime charged under chapter 948 was a felony. A cross-reference to individual crimes in chapter 948 was not necessary.
The second question you raised in your letter was whether victims of all felonies are to be notified of the defendant's release *Page 5 
from custody? My answer is yes. Section 950.04 (1) provides for notice to the victim if the crime charged is a felony. There is no qualifying clause. The plain meaning of the statutory directive should be given effect. State v. Lossman, 118 Wis.2d 526, 535,348 N.W.2d 159 (1984). As mentioned, if the crime charged is found in chapter 940, notice to the victim is required for both misdemeanor and felony charges. Crimes found in chapter 940 are specifically identified in section 950.04 (1) as crimes requiring notice to the victim.
Your inquiry was occasioned by several fact situations described in your opinion request. You point out that, ordinarily, felony drug offenses present no civilian victims and felony DNR offenses present no human victims. The word victim is defined in section 950.02 (4) as a "person against whom a crime has been committed." The meaning of this statutory definition is clear.Smith v. Kappell, 147 Wis.2d 380, 385, 433 N.W.2d 588 (Ct. App. 1988). If there is an identifiable person against whom a crime has been committed, the notice requirements of section950.04 (1) apply. If the victim is not a person, the statute does not apply. If the victim is an undercover officer making a controlled drug buy, I believe it is reasonable to conclude that the notice provisions of the statute need not be applied. See State v.Burkman, 96 Wis.2d 630, 292 N.W.2d 641 (1980).
You also point out that the prosecution of worthless check cases under the felony provision of the statute, section 943.24 (2), often involves an aggregate of worthless checks and potentially a large number of victims. You ask whether notification, based on felony worthless check charges, is required to a large group of merchants who may be identifiable as victims. Section950.04 (1) does not exclude any felony from the notice provisions of the statute. However, the notice requirement is limited to a victim or witness defined in section 950.02 (4) as a "person against whom a crime has been committed." Your question inferentially raises the issue of whether the Legislature intended that section 950.04, "Basic bill of rights for victims and *Page 6 
witnesses," was to be applied to business enterprises and corporations.
Section 990.01 (26) defines person to include "all partnerships, associations and bodies politic or corporate." However, the preamble to section 990.01 provides that the definitions given in the statute "shall be construed as indicated unless such construction would produce a result inconsistent with the manifest intent of the legislature[.]"
The clear intent of chapter 950 is to protect the rights and interests of individual victims and witnesses. The provisions of the chapter are not directed to business enterprises and corporations. The notice requirement is found in subsection (1) of the "Basic bill of rights for victims and witnesses," section950.04. This statute also provides, inter alia, for notice of court proceedings, law enforcement protection in cases of threats, advice on financial assistance and social services, and employer intervention programs to insure that employers of victims and witnesses cooperate with the criminal justice system. Sec.950.04 (2), (3), (4) and (7), Stats. The legislative intent stated in section 950.01 provides that the legislation is intended to "ensure that all victims and witnesses of crime are treated with dignity, respect, courtesy and sensitivity. . . ." Again, this language evinces an intent to protect the rights and interests of individual persons, not business enterprises or corporations.
Principles of statutory construction would support a conclusion that the word "person," as used in section 950.02 (4), refers to individual citizens and not to business enterprises and corporations. A term capable of a broad or narrow meaning in the abstract must be determined by its context in a particular statute. The same word might receive a different construction in different statutes. Wis. Environmental Decade, Inc. v. DNR, 85 Wis.2d 518,528, 271 N.W.2d 69 (1978). Similarly, the intent of the Legislature in using a word is to be determined by analyzing it in relation to the scope, context, subject matter and object to be accomplished. West Allis School Dist. v. DILHR, 116 Wis.2d 410, *Page 7 
419, 342 N.W.2d 415 (1984). The scope, context, subject matter and object of chapter 950 is to protect the rights and interests of individual citizens who may be victims of or witnesses to a crime.
You ask in your second question whether section 950.04 (1) requires notice to a large group of merchants who may be victims of the felonious issuance of worthless checks. If the worthless check is issued to an individual person, who may be a merchant, my answer is that notice is required under the statute. If the check is issued to a business enterprise or corporation, notice to the victim is not required by the statute.
DJH:MRK *Page 8