STATE of Wisconsin, Plaintiff-Respondent,

v.

Devin K. EVANS, Defendant-Appellant.

Court of Appeals

*Nos. 93–1295–CR, 93–1296–CR. Submitted on briefs January 6, 1994.—Decided January 27, 1994.*

(Also reported in 512 N.W.2d 259.)

For the defendant-appellant the cause was submitted on the briefs of *Charles Bennett Vetzner*, assistant state public defender, of Madison.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Mary V. Bowman*, assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J.   When Devin Evans was sentenced on two counts of delivering controlled substances, the trial court directed him to pay "restitution" to the Madison Metro Narcotics Unit for "buy money"—funds used by the police to purchase the drugs which led to Evans's conviction—and directed Evans to reimburse the State Crime Laboratory for "costs."[1] He appeals, claiming that the trial court lacked authority to impose these "costs."

Because no statute or other authority exists for the trial court to order such payment in connection with a criminal sentence, we reverse the portions of the judg-

---

[1] The trial court's order to pay "costs" to the Crime Laboratory presumably covered the costs of the investigation into Evans's crimes. However, the trial court did not indicate what "costs" were covered by its order, and the attorney general does not elaborate on the point in its briefs to this court. The arguments of counsel center on the "buy money" assessment.

ments and postconviction orders imposing the assessment.[2]

The facts are not disputed. Evans was convicted of delivering controlled substances in two separate cases. In one, his conviction followed a jury trial, and in the other he pled no contest to the charge. The cases were consolidated for sentencing, and Evans received a four-year sentence (concurrent) plus a fine of $1,000 on each count.[3] In passing sentence, the trial court stated:

> As to [the first case] the Court is going to also impose the costs of $75 to the crime laboratory and $250 in buy money . . . .
> . . . In [the second] case . . . the Court is going to impose the costs for restitution to the crime lab in the amount of $225 and $120 of buy money to the Metro Narcotics Unit.

Evans's argument is brief and simply stated: (1) authority for ordering the repayment of "buy money" is not found within § 973.06, STATS., which sets forth the exclusive permissible items of costs chargeable in criminal cases;[4] and (2) the only case allowing for the

---

[2] While Evans appeals from the judgment of conviction and sentence in each case, he does not challenge either the convictions themselves or the prison sentences, but only those portions of the judgments and orders directing the restitution payments. Because we reverse only on that limited issue, the judgments and orders are affirmed in all other respects.

[3] The fines were to be paid during Evans's incarceration, with additional prison time to be added in the event of nonpayment.

[4] Section 973.06(1), STATS., states that "the costs taxable against the defendant shall consist of [the items listed in the statute] and *no others* . . . ." (Emphasis added.) And we noted in *State v. Peterson*, 163 Wis. 2d 800, 803-04, 472 N.W.2d 571, 573 (Ct. App. 1991), that "[t]he clear and unambiguous language of

assessment of buy money, *State v. Connelly*, 143 Wis. 2d 500, 421 N.W.2d 859 (Ct. App. 1988), involved repayment as a condition of probation under a different statute, a situation not present in the instant case.

The State, appearing to agree that the assessments may not be charged under the "costs" statute, argues that they should be considered "restitution" under § 973.20(1), STATS., which provides that restitution may be ordered paid to any "victim" of the crime, either as a condition of probation or "[w]hen imposing sentence . . . ."

In *Connelly*, the trial court placed the defendant on probation on the condition, among others, that he reimburse the Madison Police Department for $545 in "buy money." The applicable statute, § 973.09(1), STATS., 1985-86, authorized the trial court to impose any probation conditions "which appear to be reasonable and appropriate," and, further, that "[i]f the court places the person on probation, the court shall require restitution designed to compensate the victim's pecuniary loss resulting from the crime to the extent possible . . . ." On appeal, the defendant argued that the police department could not be considered a "victim" within the meaning of the statute and also argued that the buy money did not constitute a "pecuniary loss" to the police department as that term is elsewhere defined in the statutes.[5]

---

[§ 973.06] provides for the taxation of costs against the defendant *only* if the costs fit within one of the categories enumerated in the statute." (Emphasis added.)

[5] The defendant pointed to § 973.09(8)(a), STATS., 1985-86, which defined "pecuniary loss" as "[a]ll special damages . . . which a person could recover against the probationer in a civil action arising out of the . . . [criminal] events . . . including . . . the money equivalent of loss resulting from property taken . . .

We said in *Connelly*, however, that we did not need to reach the questions raised by the defendant, because "even if we were to accept Connelly's argument that the condition imposed by the trial court did not constitute victim restitution as described in sec. 973.09(1)(b), we are satisfied that it is nonetheless a 'reasonable and appropriate' condition of probation within the meaning of sec. 973.09(1)(a)." *Connelly*, 143 Wis. 2d at 504-05, 421 N.W.2d at 861.

We thus disagree with the State's contention that *Connelly* requires us to sustain the trial court's orders in this case. While we did, as the State points out, suggest in *dicta* in *Connelly* that the defendant's argument that a drug sale to police is a "victimless crime" was without merit, we did not uphold the probation/restitution order on grounds that the police were the "victims" of the defendant's crime. Rather, as the opinion states, the case was decided on the sole ground that the broad "catchall" language of § 973.09(1)(a), STATS., authorized the assessment. There is no such language in the statute under consideration in this case.

There is a split in the cases from other jurisdictions considering whether law enforcement agencies expending money for drug purchases or otherwise in the course of a criminal investigation are "victims" of the offenses within the meaning of restitution statutes. The State suggests that we follow those cases holding that they are.

---

and out-of-pocket losses . . . ." *State v. Connelly*, 143 Wis. 2d 500, 504, 421 N.W.2d 859, 861 (Ct. App. 1988). That statute, like the principal statute under consideration in *Connelly*, § 973.09(1) (b), is limited in its application to cases where the defendant is placed on probation—a situation not present here.

As Evans points out, however, most of the cases cited by the State in support of its argument are distinguishable because they either relied on particular statutory language not existing in Wisconsin or were, like *Connelly*, probation cases where the court was free to impose "reasonable and just conditions" on the defendant.[6]

Finally, the State points to § 973.20(2)(a), STATS., which states that "[i]f the crime resulted in damage to or loss or destruction of property, the restitution order may require that the defendant . . . [r]eturn the property to the owner or owner's designee." It argues that the buy money was the property of the public, and, because such money was lost when it was paid to Evans, the court can, under the statute, order Evans to return it as part of his sentence. As indicated, however, the section begins with the phrase "the crime," which

---

[6] In *State v. Stallings*, 342 S.E.2d 519, 520 (N.C. 1986), for example, the court considered the repayment of buy money as being within a judge's "inherent power to suspend a judgment upon reasonable and just conditions . . . ." In *State v. Fertterer*, 841 P.2d 467, 473 (Mont. 1992), while the court characterized the ordered payment as "restitution," it upheld the assessment under a "costs" statute specifically providing for reimbursement of "expenses specifically incurred by the prosecution in connection with the proceedings against the defendant." And in *State v. Hopkins*, 526 A.2d 945, 950 (Me. 1987), the court concluded that the state, which had been defrauded by a welfare recipient, could be considered a victim entitled to recover the improperly received welfare payments as a condition of the defendant's probation. Finally, in *United States v. Daddato*, 996 F.2d 903, 906 (7th Cir. 1993), the court was presented with a condition of probation and sustained the "buy money" assessment under "catch-all" language in 18 U.S.C. § 3583(d), the federal probation statute, which allows the court to impose any conditions "it considers to be appropriate."

can only refer to the provision in the immediately preceding section, § 973.20(1), which permits the court to order "restitution under this section to any *victim of the crime* . . . ." (Emphasis added.) Considered in context, then, the paragraph advanced by the State, (2)(a), can only relate to the preceding subsection limiting restitution to crime "victims."

The State has argued persuasively that the public's money received by a defendant in connection with an undercover drug purchase that results in his or her conviction should be subject to return when the defendant is sentenced. The legislature has not so provided, however, and it is not within our province to write or rewrite state statutes. In cases where a defendant is not sentenced but placed on probation, the legislature has defined the court's powers in broad language, and, as we have noted, the relevant statutes have been considered to authorize requiring a probationer to repay the state for these types of expenditures. As we have also noted, legislatures in other states have expressly authorized the assessment of costs related to investigation and prosecution. We cannot, however, write such language into §§ 973.06 or 973.20, STATS.

*By the Court.*—Judgments and orders affirmed in part; reversed in part.