STATE of Wisconsin, Plaintiff-Respondent,'†

v.

Michael T. SCHMALING, Defendant-Appellant.††

Court of Appeals

*No. 94–3041–CR. Submitted on briefs August 31, 1995.—Decided December 20, 1995.*

(Also reported in 543 N.W.2d 555.)

'†Petitionfor cross review dismissed.
††Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donna L. Hintze*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.

ANDERSON, P.J.   Michael T. Schmaling appeals from an order denying his motion for resentencing or, in the alternative, for a modification of his sentence. Schmaling insists that the trial court erred when it ordered him to pay restitution to Racine County for the cost of fighting a fire and cleaning up after the fire and that he pay the costs incurred by the State in retaining an accident reconstruction expert in preparation for trial. We reverse that portion of the judgment that requires Schmaling to pay restitution for the costs of fire fighting and cleanup because Racine County is not a "victim" of a crime entitled to restitution. We affirm the portion of the judgment requiring Schmaling to reimburse Racine County for the costs of an accident reconstruction expert retained for trial preparation.

Schmaling originally faced seven felony counts as the consequence of an accident on I-94 in Racine County that resulted in a semitanker leaving the highway and bursting into flames causing the death of the

driver. As a result of plea negotiations, the State dismissed two counts and Schmaling entered no contest pleas to the remaining counts. The trial court imposed a total sentence of eighteen years in the Wisconsin prison system. As conditions of the sentence, the court ordered Schmaling to pay restitution, including the costs incurred by Racine County in fighting the fire caused by the accident and the costs incurred by Racine County in retaining an accident reconstruction expert to prepare for trial.

Schmaling filed a postconviction motion pursuant to RULE 809.30(2)(h), STATS., seeking either a resentencing or a modification of his sentence. Schmaling contended that the trial court erroneously exercised its discretion when it ordered him to make restitution to Racine County for the costs of fighting and cleaning up the fire and the costs incurred in retaining an accident reconstruction expert. He argued that Racine County was not a victim of the crimes for which he was sentenced and was not entitled to restitution under § 973.20, STATS.[1] The trial court held that the costs of fighting the fire and cleanup were recoverable either because Racine County was a victim under § 973.20(1), or as special damages that Racine County could recover in a civil lawsuit under § 973.20(5)(a). The trial court

---

[1] Schmaling also contended that the trial court erred when it imposed the support of the victim's minor children as restitution because although the children were affected by his criminal conduct, they were not the "victims" of his criminal conduct. The trial court held that it was not error to require Schmaling to contribute to the support of the victim's minor children. Schmaling has chosen not to appeal this portion of the restitution order. In addition, Schmaling abandons the argument made below that the eighteen-year sentence was unduly harsh and unconscionable.

also held that § 973.06(1)(c), STATS., authorized the State to recover the costs incurred in retaining an accident reconstruction expert even if there had been no trial. Schmaling appeals the trial court's denial of his motion.

■

Schmaling's challenges are to the trial court's authority to order him to pay restitution to Racine County. These challenges are questions of law that we review without deference to the trial court. *See State v. Boffer,* 158 Wis. 2d 655, 658, 462 N.W.2d 906, 907 (Ct. App. 1990).

Restitution in criminal cases is governed by § 973.20, STATS., which imposes a mandatory duty on the sentencing court to order restitution to the victim of a crime or to the victim's estate if the victim is deceased.[2] The statute also requires the defendant to "[p]ay all special damages . . . substantiated by evidence in the record, which could be recovered in a civil action against the defendant for his or her conduct in the commission of the crime." Section 973.20(5)(a).

■

The State asserts that the expenses of fighting and cleaning up the fire were directly caused by Schmaling's criminal conduct, and therefore the expenses should be considered special damages under § 973.20(5)(a), STATS., and awarded to Racine County. Although the award of restitution under § 973.20(5) can be made "in any case" and the expenses incurred by

---

[2] Section 973.20(1), STATS., provides in pertinent part:

When imposing sentence . . . for any crime, the court . . . shall order the defendant to make full or partial restitution under this section to any victim of the crime or, if the victim is deceased, to his or her estate, unless the court finds substantial reason not to do so and states the reason on the record.

Racine County may be considered special damages under § 973.20(5)(a), the statute limits special damages to those arising out of the defendant's "conduct in the commission of the crime." This limitation refers to § 973.20(1) which requires the court to award restitution to "any *victim of the crime* . . . ." (Emphasis added.) *See State v. Evans*, 181 Wis. 2d 978, 983-84, 512 N.W.2d 259, 261 (Ct. App. 1994). In *Evans*, the defendant was ordered to reimburse the State for drug "buy money" as "costs" under § 973.06, STATS. The State argued on appeal that the reimbursement of the "buy money" should be considered restitution. *Evans*, 181 Wis. 2d at 980-81, 512 N.W.2d at 260. We rejected the State's argument noting the narrow application of the restitution statute to "victims" and unequivocally held that although the public's funds advanced as drug "buy money" were lost, the public was not a "victim." *Id.* at 983-84, 512 N.W.2d at 261. Since Racine County was not the actual victim of the crimes Schmaling committed, it cannot recover restitution for the fire fighting and cleanup expenses.[3]

---

[3] The attorney general cites several federal cases to argue that government entities can be considered "passive victims." However, we reject this argument because it is based, in part, on 1990 amendments to the federal "Victim and Witness Protection Act," 18 U.S.C. §§ 3663-3664, that defined "victim" as one "directly harmed by the defendant's criminal conduct." *See United States v. Gibbens*, 25 F.3d 28, 34 (1st Cir. 1994). Although our restitution statute is modeled after the VWPA, it does not contain such a definition; and, the adoption of a definition of "victim" that would encompass both individuals and governmental entities is a decision best left to the legislature. *See State v. Evans*, 181 Wis. 2d 978, 984, 512 N.W.2d 259, 261 (Ct. App. 1994).

Additionally, "restitution to a party with no relationship on the record to the crime of conviction . . . is improper." *State v. Mattes*, 175 Wis. 2d 572, 581, 499 N.W.2d 711, 715 (Ct. App. 1993). The crimes Schmaling was convicted of consisted of second-degree reckless homicide and four counts of second-degree recklessly endangering safety, none of which were committed against Racine County. Therefore, requiring Schmaling to pay restitution to Racine County, which has no relationship to the crimes he committed, would be improper.

Schmaling also challenges the portion of his sentence requiring him to reimburse Racine County for the expenses incurred in retaining an accident reconstruction expert. Before getting to the merits of his challenge, we will first address the State's contention that Schmaling has waived any objection he might have. The State points out that at the plea hearing Schmaling's trial counsel acquiesced to the payment of these costs in discussing the terms of the plea agreement, and at sentencing counsel did not contemporaneously object when the trial court imposed reimbursement of the expert witness fees. The State concludes that under the circumstances Schmaling has forfeited any right to this court reviewing his challenge. In response, Schmaling asserts that the trial court was without lawful authority to impose reimbursement of these fees under § 973.06(1)(c), STATS., and that he did not waive his right to challenge an illegal order of the court.

We agree with the State that Schmaling waived his right to appeal the payment of the reconstruction expert and is judicially estopped from raising the issue after affirmatively agreeing to make such payments.

762

However, we address this issue in the interest of judicial economy because it is of statewide concern. *See State ex rel. Journal / Sentinel, Inc. v. Jennings*, 141 Wis. 2d 618, 620, 415 N.W.2d 518, 519 (1987).

■

Originally, the State requested restitution from Schmaling for the reconstruction expert's fee under § 973.20, STATS., but then distinguished this as a cost to be paid under § 973.06(1)(c), STATS. The trial court properly ordered Schmaling to pay the $4500 cost for the State's reconstruction expert witness under § 973.06(1)(c), which provides in pertinent part, "the costs taxable against the defendant shall consist of the following items and no others: . . . (c) Fees and disbursements allowed by the court to expert witnesses."

Schmaling argues that, "The right to recover costs is not synonymous with the right to recover the expense of litigation. Such right is statutory in nature, and to the extent that the statute does not authorize the recovery of specific costs, they are not recoverable." *See State v. Amato*, 126 Wis. 2d 212, 217, 376 N.W.2d 75, 78 (Ct. App. 1985). However, the State is attempting to recover costs from Schmaling for an expert witness, which is a cost specifically enumerated in § 973.06(1)(c), STATS. Thus, the costs were correctly assessed by the trial court to Schmaling.

We also reject Schmaling's contention that the party retaining the witness must compensate that witness and the only time a court may order compensation under § 973.06(1)(c), STATS., is when the expert is appointed by the court. The statute permits recovering expert witness fees when it is "allowed" by the court and does not limit recovery to court appointed experts.

*By the Court.*—Judgment affirmed in part, reversed in part; order reversed.