STATE of Wisconsin, Plaintiff-Respondent,

v.

Kevin G. VINJE, Defendant-Appellant.†

Court of Appeals

*No. 95–1484–CR. Submitted on briefs January 17, 1996.—Decided March 21, 1996.*

(Also reported in 548 N.W.2d 118.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Margaret A. Maroney*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general and *David J. Becker*, assistant attorney general.

Before Dykman, Sundby, and Vergeront, JJ.

DYKMAN, J.   Kevin G. Vinje appeals from a judgment convicting him of one count of disorderly conduct, contrary to § 947.01, STATS., and one count of intimidation of a victim, contrary to § 940.44(1), STATS. The convictions grew out of a domestic dispute with his wife, Mary. Kevin argues that his conviction for intimidation of a victim should be reversed. He claims that because the crime of disorderly conduct does not require a victim, he cannot be convicted of intimidating a person who witnesses, but is not a victim of, the disorderly conduct. We conclude that while the crime of disorderly conduct does not require a victim, when the defendant's actions are directed against a person, that person is a victim of the crime of disorderly conduct. Accordingly, we affirm.

## BACKGROUND

On August 16, 1994, Kevin and Mary Vinje spent the evening moving Mary's brother into a new apartment. Upon returning home, the couple began to argue and pushed and shoved one another. Eventually, Mary called the police on a cordless telephone while Kevin was speaking with Mary's mother in the kitchen. Mary did not tell Kevin that she was calling the police. Kevin grabbed the telephone, threw it and left the home.

Two police officers arrived at the home in response to Mary's call. Mary described the incident to one of the officers and signed a no-contact provision which would give Mary twenty-four hours of separation between herself and Kevin.[1] The officer told Mary that the pro-

---

[1] Under § 968.075(5), STATS., during the twenty-four hours immediately following an arrest for a domestic abuse incident, the arrested person must avoid the residence of the alleged

vision would not go into effect until after Kevin was arrested and to call the police if he returned.

Later that evening, Kevin returned home. He knocked on the back door and then pushed it in, damaging it. Mary, who was in her bedroom, closed the bedroom door but Kevin pushed it open, again causing damage. Mary grabbed the telephone, called the police and told them, "He's back." Kevin allegedly commented, "I suppose you are on the phone to 911, where are your friends, where are your friends now?" Kevin disconnected the telephone but he claims that he did not know to whom Mary was talking.

Several police officers arrived at the home and one came in to talk to Mary. One officer looked in a window and observed Kevin shoving Mary. The officers arrested Kevin and took him to the county jail. He was later charged with one count of disorderly conduct and one count of intimidation of a victim. After a jury trial, he was convicted of both charges. Kevin appeals.

## STANDARD OF REVIEW

To determine whether a person who is convicted of disorderly conduct may also be convicted of intimidation of a victim requires us to construe §§ 940.41(2), 940.44 and 947.01, STATS. Statutory construction is a question of law which we review *de novo*. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992). The purpose of statutory construction is to ascertain the legislature's intent and give it effect. *Id.* In discerning that intent, we first resort to the language of the statute itself. *Kelley Co.*,

victim of the domestic abuse incident and avoid contacting the alleged victim.

*Inc. v. Marquardt*, 172 Wis. 2d 234, 247, 493 N.W.2d 68, 74 (1992). "If the language of the statute clearly and unambiguously sets forth the legislative intent, it is the duty of the court to apply that intent to the case at hand and not look beyond the statutory language to ascertain its meaning." *Id.* In addition, we avoid an interpretation which yields an unreasonable result or renders any of the statutory language superfluous. *Frederick*, 173 Wis. 2d at 226, 496 N.W.2d at 179.

## DISCUSSION

■

Section 947.01, STATS., prohibits disorderly conduct and provides: "Whoever, in a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance is guilty of a Class B misdemeanor." The statute does not proscribe all conduct which tends to annoy other persons, but that which reasonably offends the sense of decency or propriety of the community. *State v. Zwicker*, 41 Wis. 2d 497, 508, 164 N.W.2d 512, 517-18 (1969). Thus, the conduct at issue may, but need not, be directed at a person or persons.

Section 940.44, STATS., proscribes intimidation of a victim and provides:

> [W]hoever knowingly and maliciously prevents or dissuades, or who attempts to so prevent or dissuade, another person who has been the victim of any crime or who is acting on behalf of the victim *from doing any of the following is guilty of a Class A misdemeanor:*

(1)  Making any report of the victimization to any peace officer or state, local or federal law enforcement or prosecuting agency, or to any judge.

For the purpose of this statute, victim means "any natural person against whom any crime as defined in s. 939.12[, STATS.,] or under the laws of the United States is being or has been perpetrated . . . in this state." Section 940.41(2), STATS.

■

In this appeal, Kevin admits that he committed disorderly conduct at his home on the evening in question. But Kevin argues that Mary was not the victim of this crime because disorderly conduct does not require the criminal actions to be directed at any person. He concludes that he cannot be convicted of intimidation of a victim when the underlying crime has no victim. Stated differently, because Mary is not a person against whom any crime was perpetrated, *see* § 940.41(2), STATS., she is not a victim. We disagree.

For a jury to convict Kevin of intimidation of a victim, it must be satisfied that Mary was the victim of a specific crime. *State v. Thomas*, 161 Wis. 2d 616, 623-24, 468 N.W.2d 729, 731-32 (Ct. App. 1991). In *Thomas*, we affirmed a conviction for intimidation of a victim even though the defendant was acquitted of the underlying crime of burglary because there was sufficient evidence to support the jury verdict. *Id.* at 628-31, 468 N.W.2d at 734-35. We explained that an inconsistent verdict does not require a reversal since there is no way of knowing whether the inconsistency is the result of leniency, mistake or compromise. *Id.* at 631, 468 N.W.2d at 735.

Similarly, in *State v. Connelly*, 143 Wis. 2d 500, 421 N.W.2d 859 (Ct. App. 1988), a case involving a trial court's power to impose restitution under § 973.09(1),

STATS., 1988-89, we concluded that a court may order a defendant who is convicted of delivering a controlled substance to pay restitution to the police even though the crime does not require a victim. In so doing, we explained that the sale of narcotics is not a victimless crime and that society may be no less a victim of this type of criminal conduct than an individual who may be more directly harmed. *Id.* at 504, 421 N.W.2d at 861.

While we recognize that there may be cases in which there is no victim of disorderly conduct, this case is not one of them. The plain language of the disorderly conduct statute does not require a victim. That does not mean, however, that a person may not be a victim of such conduct. We believe that if the disorderly conduct is directed at a person, then that person is the victim of disorderly conduct as a matter of fact for the purpose of prosecuting a defendant with intimidation of a victim. Thus, whether a person is a victim of disorderly conduct will proceed on a case-by-case basis for a determination of whether the disorderly conduct was directed at another person.

To the extent that Kevin admits and a jury found that he committed disorderly conduct on the night of August 16, 1994, we may accept the facts that show that Kevin verbally and physically fought with Mary, and that as he attempted to find her in the house, he shoved in two doors, causing damage to them. There is no doubt that Mary was the victim of this disorderly behavior since it was directed at her. Therefore, his actions taken to prevent her from contacting the police constituted intimidation.

But Kevin also asserts that this very conclusion leads to absurd results which we should avoid. *Frederick*, 173 Wis. 2d at 226, 496 N.W.2d at 179. He claims that if we determine that Mary was the victim of disor-

derly conduct, then every person who observes a public disturbance will be afforded the rights of victims set forth in ch. 950, STATS. He argues that this would have a detrimental financial impact upon counties which are responsible for the enforcement of victims' rights.

The legislature intends that all victims of crimes are to be treated with respect. Section 950.01, STATS. Under § 950.045, STATS., victims of crimes may oppose a criminal's parole or pardon application and may be notified of a criminal's release on parole. Under § 950.05, STATS., counties are encouraged, but are not required, to provide various victim services. Victim is defined as "a person against whom a crime has been committed." Section 950.02(4), STATS. According to the attorney general, ch. 950 applies even when a defendant has been convicted of a crime which ordinarily presents no victims. 79 Op. Att'y Gen. 1, 5 (1990). The attorney general opined that if there is "an identifiable person against whom a crime has been committed, the notice requirements of section 950.04(1)[, STATS.,] apply."

There may be some circumstances where disorderly conduct is directed against a large group of individuals. But we are not persuaded that if all of these people are considered victims, protecting their rights under ch. 950, STATS., will be costly. Thus, without more, Kevin's concern that there will be large awards for victims of disorderly conduct is speculative at best. Accordingly, we affirm.

*By the Court.*—Judgment affirmed.

SUNDBY, J. (*dissenting*). Disorderly conduct under § 947.01, STATS., is a victimless crime against society. 1953 Wis. Bill No. 100, A., Comment to proposed § 347.01, STATS. (now § 947.01, STATS.).

Therefore, defendant's conviction for violating the intimidation of a victim statute, § 940.44, STATS., must be reversed.

The introductory paragraph of the latter statute provides: "[W]hoever knowingly and maliciously prevents or dissuades, or who attempts to so prevent or dissuade, another person *who has been the victim of any crime* . . . from . . . ." (Emphasis added.)

Section 947.01, STATS., provides:

> Whoever, in a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance is guilty of a Class B misdemeanor.

A person may be found guilty of disorderly conduct even if the conduct is not directed at any specific individual or individuals. All that is required is that the conduct "tends to cause or provoke a disturbance." The "victim" is the public peace and good order. *See Teske v. State*, 256 Wis. 440, 444, 41 N.W.2d 642, 644 (1950).

The Criminal Code was substantially revised in 1953-55. The Comment to the disorderly conduct statute states in part:

> Only such conduct as unreasonably offends the sense of decency or propriety of the community is included. This is implicit in the phrase "tends to disturb or annoy others." *The question is not whether a particular person was disturbed or annoyed* but whether the conduct was of a kind which tends to disturb or annoy others. The section does not protect the hypersensitive from conduct which generally is tolerated by the community at large.

1953 Wis. Bill No. 100, A, Comment (emphasis added).

Vinje calls our attention to a provision of the California penal code, § 415, which penalizes a person who "maliciously and willfully *disturbs another person* by loud and unreasonable noise." 4 CHARLES E. TORCIA, WHARTON'S CRIMINAL LAW § 524, at 180-81 (14th ed. 1981) (emphasis added). Disorderly conduct is recognized as a "victimless crime." *See* Richard S. Frase & Thomas Weigend, *German Criminal Justice as a Guide to American Law Reform; Similar Problems, Better Solutions?*, 18 B.C. INT'L & COMP. L. REV. 317, 320-21 (1995); Richard S. Frase, *Comparative Criminal Justice as a Guide to American Law Reform: How Do the French Do It, How Can We Find Out, and Why Should We Care?*, 78 CAL. L. REV. 539, 567-68 (1990).

Vinje also argues, correctly I believe, that an interpretation which would find every person disturbed by disorderly conduct to be a victim of that conduct would lead to unreasonable results. Each person of the general population theoretically affected by defendant's conduct could claim "victim's" rights under § 950.045, STATS. In *State v. Elson*, 60 Wis. 2d 54, 61-63, 208 N.W.2d 363, 367-68 (1973), the court relied on the fact that there were ten to fifteen visitors and five to six patients who observed the conduct of an attorney who refused to leave a ward at Mendota State Hospital and commented adversely about the hospital's visiting policy. According to the State's construction of the disorderly conduct statute, each of these persons would have been a victim of the conduct and entitled to notice of the release of a person imprisoned for violating § 947.01, STATS.

The State could have charged Vinje with an offense insofar as his conduct was directed at his wife. Section 947.013(1m)(a), STATS., provides:

> Whoever, with intent to harass or intimidate another person, does any of the following is subject to a Class B forfeiture:
>
> (a) Strikes, shoves, kicks or otherwise subjects the person to physical contact or attempts or threatens to do the same.

When the legislature has made conduct against a specific person or persons an offense, it has said so. For example, ch. 940, STATS., enumerates crimes against the life and security of other persons and ch. 948, STATS., lists crimes against children. I do not believe that the legislature intended that crimes against public peace and good order should have as victims all members of the public affected by the offense. The State's suggested construction of the disorderly conduct statute could plunge the State into the morass of determining awards for all persons affected by a defendant's conduct. *See* ch. 949, STATS., AWARDS FOR THE VICTIMS OF CRIMES.

I would therefore reverse Vinje's conviction for violating § 940.44(1), STATS.