STATE of Wisconsin, Plaintiff-Respondent,

v.

Daniel E. ROHE, Defendant-Appellant.††

Court of Appeals

*No. 99–0233–CR. Submitted on briefs July 9, 1999.——Decided August 12, 1999.*

(Also reported in 602 N.W.2d 125.)

††Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Charles Bennett Vetzner*, assistant state public defender, of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *James M. Freimuth*, assistant attorney general.

Before Vergeront, Roggensack and Deininger, JJ.

ROGGENSACK, J.   Daniel Rohe appeals from his conviction for two counts of second-degree sexual assault and from an order of the circuit court denying postconviction relief.[1] The circuit court concluded that payment of $881 for a sexual assault examination was a cost taxable against Rohe under § 973.06(1)(c), STATS. We agree. The expert witnesses' examination of the victim was used in the prosecution of Rohe, even though the expert witnesses did not testify at trial and

---

[1] Although the notice of appeal which Rohe filed was broad, the only issue briefed and argued on appeal was whether the circuit court had the authority to order him to pay the costs of a medical examination of the victim, when neither the report of the examination nor the testimony of the health care providers who made the examination were used at trial.

the medical record they prepared was not admitted. Therefore, we affirm.

## BACKGROUND

Rohe was accused of sexually assaulting a young man. Several days after the victim reported the assaults, but before Rohe was arrested, the Richland County Sheriff's Department had the victim submit to a sexual assault examination at the Richland Center Hospital. Doctor Berres and Nurse Doudna performed the examination. Although it produced no physical evidence of sexual assault, the victim apparently described the alleged assaults to Berres and Doudna and the victim's statements were included in the medical record generated from the examination. Four days after the examination, Rohe was arrested.

Before trial, Rohe moved *in limine* to exclude the medical record and the expected testimony of Berres and Doudna, who had been listed as potential witnesses by the State. The circuit court granted Rohe's motion *in limine*, in part. It concluded that "the mere fact, without more, that the victim went to the Richland Hospital and was examined for possible evidence of sexual assault is not relevant on the proposition that a sexual assault occurred." However, the court also suggested that "[i]f the evidence is offered on some other factual proposition such as to rebut a charge of fabrication in a current statement, then it may well be relevant on that point." Neither Berres nor Doudna testified, and no evidence about the examination was presented at trial.

Rohe was convicted of two counts of second-degree sexual assault in violation of § 940.225(2)(a), STATS. At sentencing, the circuit court ordered Rohe to reimburse the Sheriff's Department $881 for the cost of the sexual

assault examination. When Rohe challenged this decision in a postconviction motion, the circuit court upheld it as a cost under § 973.06(1)(c), STATS. This appeal followed.

## DISCUSSION

**Standard of Review.**

■

Whether § 973.06(1), STATS., provides authority for the circuit court to order payment of the sexual assault examination presents a question of statutory interpretation which we review *de novo. See State v. Beiersdorf*, 208 Wis. 2d 492, 504, 561 N.W.2d 749, 755 (Ct. App. 1997).

**Section 973.06(1)(c), STATS.**

Rohe seeks modification of the judgment of conviction to eliminate taxation of $881 in costs for the sexual assault examination which he contends was not a taxable cost[2] under any provision of § 973.06(1), STATS. The State contends that § 973.06(1)(c) authorizes the $881 assessment. We agree that the cost was properly taxed.

Section 973.06(1)(c), STATS., provides that "[f]ees and disbursements allowed by the [circuit] court to expert witnesses" are costs taxable against a defendant. Therefore, under § 973.06(1)(c), the circuit court properly ordered the $881 payment by Rohe if (1) it is a

---

[2]The State concedes that the $881 assessment does not constitute "restitution" because it will not compensate the victim, or any compensable surrogate, for a loss covered under § 973.20, STATS. *See State v. Evans*, 181 Wis. 2d 978, 983–84, 512 N.W.2d 259, 261 (Ct. App. 1994). However, Rohe does not argue this on appeal.

fee or disbursement, and (2) it relates to the services of an expert witness. Rohe concedes that it is a fee or disbursement; therefore, the only issue is whether the assessment relates to the services of an expert witness.

Rohe argues that the $881 assessment for the sexual assault examination does not relate to the services of an expert witness because it was not undertaken in contemplation of trial, and because it did not produce relevant, admissible evidence. However, neither the timing of the State's hiring of Berres and Doudna nor whether they actually testified as expert witnesses at trial is dispositive of their status as expert witnesses for the purpose of taxing costs under § 973.06(1)(c), STATS.

First, § 973.06(1)(c), STATS., does not place a time constraint on when an expert witness must be retained or on when an expert must have performed the services which form the basis for his or her expert testimony. For example, in *Beiersdorf*, 208 Wis. 2d at 501, 561 N.W.2d at 753–54, we concluded that the circuit court had authority under § 973.06(1)(c) to order a convicted defendant to pay the cost of DNA testing which was completed before the criminal complaint was filed. Similarly, in the case before us, the sexual assault examination of Rohe's victim was accomplished before Rohe was arrested, but it was part of the State's investigation and prosecution of Rohe.

Second, that Berres and Doudna did not testify at trial does not affect their status as expert witnesses, for the purposes of taxing costs. The term "expert witness" as it is used in § 973.06(1)(c), STATS., includes those experts whose development of evidence is used in the prosecution of the defendant, regardless of whether the expert witness actually testified at trial. *See State v.*

*Ferguson*, 195 Wis. 2d 174, 180, 536 N.W.2d 116, 118 ( Ct. App. 1995) (*Ferguson I*), *rev'd on other grounds*, 202 Wis. 2d 233, 549 N.W.2d 718 (1996) (*Ferguson II*).[3]

For example, in *Ferguson I*, 195 Wis. 2d at 180, 536 N.W.2d at 118, we concluded that a chemical analyst who was named on the State's witness list, but who did not testify at trial because the defendant stipulated to the analyst's findings, was an expert witness for the purposes of § 973.06(1)(c), STATS. Moreover, in both *Beiersdorf*, 208 Wis. 2d at 507 n.10, 561 N.W.2d at 756 n.10, and *State v. Schmaling*, 198 Wis. 2d 756, 763, 543 N.W.2d 555, 558 (Ct. App. 1995), we upheld the circuit court's taxation of expert witness costs against convicted defendants even though the experts who had been retained by the State never testified because the defendants pled guilty or no contest.

Unlike the expert testimony in *Ferguson I*, *Beiersdorf*, and *Schmaling*, the report of the sexual assault examination in this case was excluded by Rohe's motion *in limine*; however, Berres and Doudna remained on the State's witness list and the circuit

---

[3] In *State v. Ferguson*, 202 Wis. 2d 233, 549 N.W.2d 718 (1996) (*Ferguson II*), the supreme court reversed on a ground not addressed in *State v. Ferguson*, 195 Wis. 2d 174, 536 N.W.2d 116 (Ct. App. 1995) (*Ferguson I*), when it concluded that § 973.06(1)(c), STATS., did not authorize assessment of laboratory expenses against the defendant because such expenses were not "fees or disbursements." Although the supreme court did not reach the issue of whether the expense related to the services of an expert witness, it did not specifically reverse our holding on that issue in *Ferguson I*, 195 Wis. 2d at 180, 536 N.W.2d at 118. Therefore, that holding retains precedential value. *See Sweeney v. General Cas. Co.*, 220 Wis. 2d 183, 192, 582 N.W.2d 735, 738 (Ct. App. 1998) (citation omitted) (holdings of the court of appeals not specifically reversed by the supreme court retain precedential value).

court agreed that they could be called to testify to rebut a defense claim of recent fabrication. Therefore, because Berres and Doudna's development of evidence was used in the prosecution of Rohe, they were expert witnesses under § 973.06(1)(c), STATS., even though they never testified. Accordingly, § 973.06(1)(c) authorized the circuit court to tax the cost of the sexual assault examination against Rohe.[4]

## CONCLUSION

Section 973.06(1)(c), STATS., authorized the circuit court to tax Rohe for the cost of the sexual assault examination because the expert witnesses' development of that evidence was used in the prosecution of Rohe, even though the examination was not done in contemplation of trial and the expert witnesses did not testify.

*By the Court.*—Judgment and order affirmed.

---

[4] Because we conclude that § 973.06(1)(c), STATS., authorized the circuit court to order the assessment, we do not address whether the assessment fit within any of the other categories enumerated in § 973.06(1).