■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BARNETT, Appellant. [654 NYS2d 918] —Judgment unanimously modified on the law and as modified affirmed and

matter remitted to Erie County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of felony driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the third degree and criminal contempt in the first degree. We reject the contention of defendant that County Court erred in ordering him, as part of the sentence, to pay restitution to the New York State Police Department. Contrary to defendant's contention, the restitution did not reimburse the police for the normal operating costs of law enforcement that are voluntarily incurred (*cf., People v Watson,* 197 AD2d 880; *People v Dulanski,* 175 AD2d 672); instead, it covered the cost of repairing a police car that was damaged as a direct result of defendant's criminal conduct (*see, People v Cruz,* 81 NY2d 996, 998).

The court erred, however, in determining the amount of restitution to be $8,227 without holding a hearing on that issue. The court directed that defendant reimburse the New York State Police Department in that amount based upon an estimate of damage provided by that Department during the presentence investigation. Defendant did not make a statement at either the plea hearing or at sentencing sufficient to support the determination of the amount of restitution (*see, People v Consalvo,* 89 NY2d 140, 144-145). Consequently, the court was required to hold a hearing to determine the amount of restitution. Thus, we modify the judgment by vacating the amount of restitution awarded, and we remit the matter to Erie County Court for that purpose.

Finally, in view of defendant's criminal record, we conclude that the sentence is neither unduly harsh nor severe (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Erie County Court, McCarthy, J.—Felony Driving While Intoxicated.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.