**Rocky OWENS, Appellant,**

v.

**Rene' WILLIAMS, Judge, Union District Court, Appellee.**

No. 96–CA–1365–MR.

Court of Appeals of Kentucky.

Nov. 14, 1997.

Paula Fitzgerald, Louisville, for Appellant.

A.B. Chandler III, Attorney General, Todd D. Ferguson, Assistant Attorney General, Frankfort, for Appellee.

Before WILHOIT, C.J., and COMBS and JOHNSON, JJ.

WILHOIT, Chief Judge.

This appeal is from the denial of the appellant's petition for writ of mandamus. The appellant, Rocky Owens, was convicted in the Union District Court on February 10, 1994, of driving under the influence, second offense; and possession of marijuana. He received a sentence of seven days in jail for the DUI charge and ten days in jail for the possession of marijuana charge. The ten-day sentence was probated. The district court

also imposed fines and court costs for each charge. The appellant was given until May 19, 1994, to pay the fines and court costs.

The district court issued a bench warrant on May 19, 1994, when the appellant failed to pay the fines and court costs. The appellant wrote two letters to the court clerk dated October 7 and 17, 1994, in which he stated that he had been incarcerated since his last court appearance and asked that his fines be converted to an imprisonment term. He subsequently filed a motion in the district court on January 8, 1996, requesting that his fines be converted to a jail term. The district court did not rule on the motion, and the appellant filed a petition for writ of mandamus in the circuit court in April 1996. This appeal followed the denial of the petition for writ of mandamus.

The appellant contends that the circuit court erroneously adjudicated the merits of his motion pending before the district court. He asserts that the circuit court abused its discretion in failing to determine·that a writ should issue mandating the district court to rule on the motion. The appellee contends that she lost jurisdiction to convert the fines to a jail term since more than ten days had elapsed from the imposition of the fines. The appellee also maintains that KRS 534.060 does not provide for the relief requested by the appellant.

 To prevail in this appeal, the appellant must demonstrate that the circuit court abused its discretion when it denied the petition for writ of mandamus. *Cf. Rowley v. Lampe,* Ky., 331 S.W.2d 887 (1960). This court will not determine the merits of the motion filed by the appellant in the district court; rather, we will confine ourselves to the question of whether the circuit court abused its discretion in failing to direct the district court to rule on the pending motion. "Mandamus is a proper remedy to compel an inferior court to adjudicate on a subject within its jurisdiction where it neglects or refuses to do so, but will not lie to revise or correct a decision." *Hargis v. Swope,* 272 Ky. 257, 114 S.W.2d 75, 77 (1938), citing *J.B.B. Coal Co. v. Halbert,* 169 Ky. 687, 184 S.W. 1116 (1916).

 The district court had jurisdiction to rule on the appellant's motion to convert his fines to an imprisonment term. KRS 534.060 provides that if a defendant demonstrates that his default is unintentional and excusable, the court in its discretion may order a term of imprisonment or provide alternate methods of collecting the obligation. KRS 534.060, Commentary (1974). The statute is triggered by nonpayment of a fine. The appellant was entitled to a ruling from the district court on his motion and the circuit court abused its discretion in denying the petition for writ of mandamus.

The circuit court order is reversed and this action is remanded to the circuit court with directions to grant the petition and direct the district court to rule on the appellant's motion to convert his fines to an imprisonment term.

COMBS, J., concurs.

JOHNSON, J., concurs and files a separate opinion.

JOHNSON, Judge, concurring.

I concur with the majority opinion, but choose to write separately for the sole purpose of expressing my belief that the question before this Court is whether the circuit court abused its discretion in failing to determine that a writ should issue mandating the district court to rule on the motion. While I agree that the district court had jurisdiction to rule on the motion, I do not believe the relief requested by the appellant is authorized under KRS 534.060.