STATE of Wisconsin, Plaintiff-Respondent,

v.

Donna E. HOWARD-HASTINGS, Defendant-Appellant.

Court of Appeals

*No. 97–2986–CR. Submitted on briefs March 10, 1998.——Decided March 31, 1998.*

(Also reported in 579 N.W.2d 290.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven P. Weiss*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Paul Lundsten*, assistant attorney general.

Before Cane, P.J., Myse and Hoover, JJ.

MYSE, J.   Donna Howard-Hastings appeals that portion of a sentence requiring her to pay restitution to

the United States government for damages sustained as a result of her vandalism of government property. Howard-Hastings contends that the restitution statute, § 973.20, STATS., does not authorize the payment of restitution to a government entity. Because this court concludes that the term "victim" in § 973.20 includes governmental entities, the judgment and sentence are affirmed.

The facts underlying this appeal are simple and undisputed. Howard-Hastings is a pacifist opposed to Project ELF, a special type of radio wave generator used to communicate with nuclear submarines. Howard-Hastings believes that ELF has no defensive or deterrent uses, but rather is only of use in preparing the United States' nuclear fleet for a first strike. In protest of this project, Howard-Hastings and her husband went to the ELF facility and cut down several telephone-type poles that were used to support the ELF antenna.

Howard-Hastings was convicted of criminal damage to property and placed on probation. As a condition of probation, the court ordered Howard-Hastings to stay off ELF property. Howard-Hastings refused to comply with this condition, and probation was revoked. The court then sentenced her to three years of intensive sanctions and $7,497.03 restitution to the United States government. Howard-Hastings sought postconviction relief, which the trial court denied. She appeals.

■

The sole issue confronting us is whether the term "victim" in § 973.20, STATS., includes governmental entities. The interpretation of a statute presents a question of law this court determines without deference to the trial court's determination. *Three & One Co. v. Geilfuss*, 178 Wis. 2d 400, 412, 504 N.W.2d 393, 398

(Ct. App. 1993). Where the plain meaning of a statute is unambiguous, the words of the statute must be given their obvious and intended meaning. *Id.*

The section of the restitution statute at issue is set forth in § 973.20(1r), STATS.,[1] and provides in part:

> When imposing sentence or ordering probation for any crime for which the defendant was convicted, the court, in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution under this section to any victim of a crime considered at sentencing or, if the victim is deceased, to his or her estate, unless the court finds substantial reason not to do so and states the reason on the record.

The term "victim" is not defined in the statute.

We conclude that the plain meaning of "victim" in § 973.20(1r), STATS., permits governmental entities to collect restitution. In attempting to determine whether a governmental entity is excluded by this definition, we apply the plain and ordinary meaning attached to the words. *Frank v. Wisconsin Mut. Ins. Co.*, 198 Wis. 2d 689, 695, 543 N.W.2d 535, 537 (Ct. App. 1995). When determining the plain and ordinary meaning of words,

---

[1] We note that Howard-Hastings appeals a sentence imposed by the court, not a condition of probation. A sentencing court has broader authority to impose restitution as a condition of probation. *Compare State v. Connelly*, 143 Wis. 2d 500, 505–06, 421 N.W.2d 859, 861 (Ct. App. 1988) (holding that defendant could be required to reimburse state for "buy money" in drug case as a condition of probation), *with State v. Evans*, 181 Wis. 2d 978, 982–84, 512 N.W.2d 259, 261 (Ct. App. 1994) (holding that defendant could not be required to reimburse state for "buy money" in drug case because the State was not a victim).

we may look to definitions in a recognized dictionary. *Id.*

■

The word "victim" has a common and ordinary meaning that encompasses entities. This is supported by reference to a recognized dictionary, which defines "victim" as a "person or thing killed, injured *etc.* as a result of another's deed, or accident, circumstances *etc.*" WEBSTER'S DICTIONARY OF MODERN ENGLISH 574 (1987). Further, although we recognize that such definitions are not controlling, we note that other chapters of the criminal code define "victim" to include governmental entities. Section 949.01(6), STATS., defines a victim as any "person who is injured," and § 950.02(4), STATS., defines a victim as "a person against whom a crime has been committed." These definitions encompass a governmental entity because the term "person" is defined by statute to include "all . . . bodies politic." Section 990.01(26), STATS. Because none of these definitions suggest that the common and ordinary meaning of "victim" excludes governmental entities, we conclude that a governmental entity may be considered a "victim" under § 973.20(1r), STATS.

Our conclusion is supported by the continued reference to "person" throughout the restitution statute. Sections 973.20(5) and (7), STATS., for example, state that reimbursement is to be made to a "person." As already noted, the statutory definition of "person" includes all bodies politic. The unmodified statutory use of both "victim" and "person" together admits no construction other than that a political entity was intended to collect restitution. The trial court therefore did not err by awarding restitution to the United States government.

156

Howard-Hastings does not challenge this resort to dictionary definitions, nor does she supply us with a definition suggesting that a governmental entity cannot be a "victim." Rather, relying on two cases, she argues that this court has already concluded that a governmental entity cannot be a victim. We do not agree with her analysis of these cases.

Howard-Hastings first refers us to *State v. Schmaling*, 198 Wis. 2d 756, 543 N.W.2d 555 (Ct. App. 1995). We see no suggestion in *Schmaling*, however, that prevents a governmental entity from collecting restitution when the entity is the victim of a crime. In *Schmaling*, the trial court sentenced the defendant to reimburse the county for costs incurred in fighting a fire caused by a highway accident. This court reversed, concluding that the county was not the actual victim of the crime committed. *Id.* at 761, 543 N.W.2d at 557. Under the facts of this case, however, it is clear that the United States government was the actual victim of Howard-Hastings's acts of vandalism.

Howard-Hastings argues that a footnote in *Schmaling* holds that a governmental entity can never be a victim. She quotes a portion of footnote three that says "the adoption of a definition of 'victim' that would encompass both individuals and governmental entities is a decision best left to the legislature." *Id.* at 761 n.3, 543 N.W.2d at 557–58 n.3. Although this limited portion may support her position, when read in context it does not. In its entirety, the footnote reads:

> The attorney general cites several federal cases to argue that government entities can be considered "passive victims." However, we reject this argument because it is based, in part, on 1990 amendments to the federal "Victim and Witness Protection Act," 18 U.S.C. §§ 3663–3664, that defined "victim" as one

157

> "directly harmed by the defendant's criminal con-
> duct." *See United States v. Gibbens*, 25 F.3d 28, 34
> (1st Cir. 1994). Although our restitution statute is
> modeled after the VWPA, it does not contain such a
> definition; and, the adoption of a definition of "vic-
> tim" that would encompass both individuals and
> governmental entities is a decision best left to the
> legislature. *See State v. Evans*, 181 Wis. 2d 978,
> 984, 512 N.W.2d 259, 261 (Ct. App. 1994).

*Id.* When read in its entirety, it is clear that this foot-
note only addresses the issue of whether the State can
be a "victim" even if it is not the direct victim. The
*Schmaling* court held that it could not. The footnote
offers no assistance in our case because the United
States government was a direct victim, not an indirect
one.

We also reject the notion that the *Schmaling* foot-
note holds that a governmental entity cannot be a
victim on the separate ground that such a reading
would be inconsistent with the rest of the opinion. If
the *Schmaling* court intended to make such a broad
holding, that issue would have been dispositive of the
issue whether the county could collect the costs of
extinguishing the fire. As already discussed, however,
the court instead denied recovery because it concluded
that the government was not the actual victim of the
crime committed.

██

*State v. Evans*, 181 Wis. 2d 978, 984, 512 N.W.2d
259, 261 (Ct. App. 1994), likewise provides no support
for Howard-Hastings's position that a governmental
entity cannot be a "victim." In *Evans*, the police sought
reimbursement for lost "buy money," money used to
purchase controlled substances in order to obtain a
conviction. *Id.* at 979, 512 N.W.2d at 259. This court

denied reimbursement, concluding that the police were not the victims of the crime. *Id*. at 982–84, 512 N.W.2d at 261. Again, *Evans* is readily distinguishable from our case because there the government was seeking money expended in the course of a criminal investigation. *Evans*, like *Schmaling*, does not contradict our holding that the plain meaning of "victim" under § 973.20(1r), STATS., encompasses political entities. We therefore conclude that the trial court did not err by imposing restitution to the United States government.

*By the Court.*—Judgment and order affirmed.