STATE of Wisconsin, Plaintiff-Respondent,

v.

James N. STORLIE, Defendant-Appellant.

Court of Appeals

*No. 01–3376–CR. Submitted on briefs May 6, 2002.—Decided May 29, 2002.*

2002 WI App 163

(Also reported in 647 N.W.2d 926.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *William E. Schmaal*, assistant state public defender.

On behalf of the plaintiff-respondent,the cause was submitted on the brief of *James E. Doyle*, attorney general, and *James M. Freimuth*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. James Storlie was convicted of fleeing a police officer and operating a motor vehicle while intoxicated, fifth offense. His motion for postconviction relief was denied. Storlie challenges that part of the judgment and order that requires him to reimburse the police department's expenses incurred in replacing "stop sticks" used to halt his vehicle during the commission of the offenses. We conclude that restitution allowed under WIS. STAT. § 973.20 does not include reimbursement for collateral expenses incurred in the normal course of law enforcement. Therefore, we reverse the restitution ordered.

## BACKGROUND

¶ 2. For purposes of this appeal, the underlying facts are undisputed. In November 2000, while on routine patrol, a Wisconsin state trooper observed a vehicle swerving in the northbound lane of State Highway 124. After seeing the vehicle nearly collide with a concrete median barrier, the trooper activated his emergency lights and siren. The vehicle continued swerving and then entered the ditch on the right side of the highway. It continued at approximately thirty miles per hour, proceeded out of the ditch and struck a traffic sign. After it stopped on the left shoulder of the road, it then drove off with the trooper in pursuit. The Chippewa Falls Police Department deployed stop sticks. After the vehicle drove over them, the officers managed to stop the vehicle. The driver, later identified as Storlie, was arrested.

¶ 3. Storlie entered guilty pleas to fleeing an officer and operating while intoxicated, fifth offense. As part of his sentence, the court ordered Storlie to pay

restitution pursuant to WIS. STAT. § 973.20 to the police department in the amount of $123 to replace the stop sticks it used to halt his vehicle.

¶ 4. Storlie brought a postconviction motion to have the $123 restitution order vacated. The court found that the stop sticks "were used to slow down or stop the defendant['s]" car. The court observed that expenses incurred in apprehending people do not necessarily make a police department a victim. The court reasoned, nonetheless, that the sticks were deliberately damaged during the course of the crimes and denied Storlie's motion.

## DISCUSSION

¶ 5. Storlie argues that the circuit court erroneously ordered restitution to the police department for the cost of the stop sticks. It is undisputed that Storlie's criminal conduct caused damage to the police department's stop sticks. Nonetheless, Storlie argues the police department was not a direct victim of the crime within the meaning of WIS. STAT. § 973.20 because the expense of replacing the stop sticks was incurred as a cost of normal law enforcement procedure. We agree.

¶ 6. The circuit court's authority to order restitution is governed by WIS. STAT. § 973.20. Whether the circuit court had authority to order restitution under a particular set of facts is a question of law we review independently of the trial court, while benefiting from its analysis. *State v. Holmgren*, 229 Wis. 2d 358, 366, 599 N.W.2d 876 (Ct. App. 1999).

¶ 7. The State relies on the following provisions of WIS. STAT. § 973.20:

503

**Restitution.** . . .

**(1r)** When imposing sentence or ordering probation for any crime for which the defendant was convicted, the court, in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution under this section to any victim of a crime considered at sentencing or, if the victim is deceased, to his or her estate, unless the court finds substantial reason not to do so and states the reason on the record. . . .

**(2)** If a crime considered at sentencing resulted in damage to or loss or destruction of property, the restitution order may require that the defendant:

. . . .

(b) If return of the property under par. (a) is impossible, impractical or inadequate, pay the owner or owner's designee the reasonable repair or replacement cost . . . .

**(5)** In any case, the restitution order may require that the defendant do one or more of the following:

(a) Pay all special damages, but not general damages, substantiated by evidence in the record, which could be recovered in a civil action against the defendant for his or her conduct in the commission of a crime considered at sentencing.

¶ 8. We construe WIS. STAT. § 973.20 broadly to allow victims to recover their losses as a result of a defendant's criminal conduct. *State v. Anderson*, 215 Wis. 2d 673, 682, 573 N.W.2d 872 (Ct. App. 1997). The statute reflects a strong equitable policy that victims should not have to bear the burden of losses if the defendant is capable of making restitution. *State v.*

*Kennedy*, 190 Wis. 2d 252, 258, 528 N.W.2d 9 (Ct. App. 1994). A governmental entity can, in appropriate circumstances, be a victim entitled to restitution. *State v. Ortiz*, 2001 WI App 215, ¶ 20, 247 Wis. 2d 836, 634 N.W.2d 860.

¶ 9. For example, in *State v. Howard-Hastings*, 218 Wis. 2d 152, 156–59, 579 N.W.2d 290 (Ct. App. 1998), we determined that the United States government was a victim within the meaning of Wis. Stat. § 973.20, entitled to restitution for vandalism caused to Project ELF, a low-frequency radio wave generator used to communicate with nuclear submarines. In contrast, in *State v. Evans*, 181 Wis. 2d 978, 983–84, 512 N.W.2d 259 (Ct. App. 1994), we concluded that the Madison Metro Narcotics Unit was not a victim under § 973.20 entitled to restitution of "buy money"— funds used by police to purchase the drugs leading to defendant's conviction.

¶ 10. In a similar vein, in *Ortiz*, we concluded that the City of Racine was not a victim entitled to restitution under Wis. Stat. § 973.20(1) for overtime costs incurred by the city's police department, SWAT team and negotiating team following a police standoff and resulting in the apprehension of the defendant. He was later convicted of four counts: failure to comply with an officer's attempt to take a person into custody by remaining in a building while armed with a dangerous weapon; obstructing an officer while armed; disorderly conduct while armed; and threatening to injure another while armed. *Id.* at ¶ 6. *Ortiz* held that the city was not directly damaged and "cannot recoup its collateral expenses in apprehending Ortiz." *Id.* at ¶ 23. These cases support the notion that the government is entitled to restitution for losses incurred when it is a victim as a direct result of criminal conduct, but not for collateral expenses incurred in the normal course of law enforcement.

¶ 11. Under the facts presented, we are satisfied that the police department is not a victim within the meaning of WIS. STAT. § 973.20 and therefore is not entitled to restitution for destruction of the stop sticks. There is no dispute that the officers deployed the sticks with the purpose that Storlie's vehicle would run over them and that he would be apprehended. The cost of the sticks was an expenditure incurred in the apprehension of a criminal suspect. Accordingly, their destruction was similar to the cost of the overtime for the SWAT team in *Ortiz* and the "buy money" in *Evans*—expenses incurred for tools used in the apprehension of criminal suspects. Therefore, as a normal cost of law enforcement, the expense of the stop sticks did not cause the police department to be a "victim" under § 973.20.

¶ 12. The State contends that the trial court properly ordered restitution for the stop sticks. It relies on dictum in *Ortiz* that Ortiz "fortunately did not cause any damage, loss or harm to the law enforcement personnel. Were it otherwise, those persons would be direct or actual victims" and have valid restitution claims. *Id.* at ¶ 23. We are not persuaded that the quoted dictum applies. Here, the expense incurred was not so much a direct result of the offense itself as much as it was the result of the officers' successful attempt at apprehension. Thus, Storlie's crime was not directed at law enforcement personnel or government property, in the way that the vandalism was directed at the ELF project in *Howard-Hastings*.

¶ 13. The State also compares the use of stop sticks to a case in Oregon, *State v. Dillon*, 637 P.2d 602, 604 (Or. 1981) where, after a high speed chase, officers attempted to apprehend a suspect by "boxing in" his car.

Instead of surrendering, the suspect backed his car into a patrol car, damaging it. *Id.* He was later convicted of multiple crimes related to the incident. Among other items of damage, he was ordered to pay the county for damage to the patrol car. *Id.* The Oregon Supreme Court concluded that the county was a direct victim by virtue of the damage caused by the defendant's criminal conduct. *Id.* at 605, 608.

¶ 14. We conclude that *Dillon* may be distinguished on its facts. While a patrol car is a tool of law enforcement, it is not deployed for the purpose that it be run over and destroyed, like stop sticks. Instead, the damage to the patrol car was the result of activity comparable to the vandalism to the ELF Project in *Howard-Hastings*.

## CONCLUSION

¶ 15. It is undisputed that the stop sticks were deployed in the normal course of law enforcement, resulting in their destruction. Under the facts presented, we are satisfied that the police department is not a victim within the meaning of WIS. STAT. § 973.20, entitled to restitution for destruction of the stop sticks. Consequently, the restitution ordered must be reversed. On remand, the court is directed to vacate the portion of the judgment and postconviction order that requires restitution of $123.

*By the Court.*—Judgments and order reversed in part and cause remanded with directions.