RENDERED: AUGUST 16, 2018
TO BE PUBLISHED

# Supreme Court of Kentucky



2016-SC-000350-MR

JACK FRANKLIN ELLIOTT JR.                    APPELLANT

ON APPEAL FROM BELL CIRCUIT COURT
V.          HONORABLE ROBERT COSTANZO, JUDGE
NO. 10-CR-00358 AND 11-CR-00056

COMMONWEALTH OF KENTUCKY                    APPELLEE

## OPINION OF THE COURT BY JUSTICE KELLER

## AFFIRMING

This case is before the Court for a determination regarding the Bell Circuit Court's denial of Jack Franklin Elliott's (Elliott) motion to convert court costs to a jail term. After reviewing the record and applicable law, we affirm the imposition of court costs.

## I. BACKGROUND.

Elliott was indicted in Bell County in 2010 on manufacturing methamphetamine, first offense, and controlled substance endangerment to a child, fourth degree. Elliott was later indicted in 2011 on manufacturing

methamphetamine, first offense; three counts of controlled substance endangerment to a child, fourth degree; and persistent felony offender, second degree. Elliott pled guilty on both indictments and received ten and twenty-year sentences, respectively, to be served consecutively, totaling thirty years' imprisonment.[1] The Bell Circuit Court entered its Judgment and Sentence Pursuant to Guilty Plea on May 7, 2012.

Although not delineated in Elliott's plea agreement, the circuit court also imposed court costs in the amount of $151.00 per indictment, totaling $302.00. The sentence provided that Elliott must pay these costs within 180 days of his release from prison. It was not until May 1, 2015 that Elliott contested the obligation to pay court costs. Elliott filed a motion to convert court costs to a definite jail term to run concurrently with an indeterminate felony sentence pursuant to Kentucky Revised Statute (KRS) 534.060. The Bell Circuit Court denied the motion, finding that KRS 534.060 only applied to fines, not court costs.

Elliott next filed a motion to waive or convert the court costs. The circuit court reiterated its basis for denial of the motion to convert court costs to jail time and additionally denied the motion to waive the court costs, noting the distinction between fines and court costs and Elliott's ability to contest court costs at sentencing and his failure to do so. The circuit court also noted that

---

[1] Elliott also has convictions from Gallatin County that were to run consecutively to those from Bell County. Elliott's total sentence for all charges is 35 years.

2

its judgment and sentence were final, and the court could not retroactively alter it.

Elliott appealed the denial of his motion and then filed a motion to proceed *in forma pauperis* on appeal. The circuit court granted the motion pursuant to KRS 453.190, for the limited purpose of evaluating, and reporting to the court, whether the appeal appeared to be a proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense pursuant to KRS 31.110(2)(c). The Department of Public Advocacy (DPA) reviewed the case and determined that it was not an appeal that a reasonable person with adequate means would be willing to bring at his own expense and that Elliott had no further right to be represented by appointed counsel. The circuit court denied Elliott's motion to proceed *in forma pauperis*. This Court granted Elliott's motion for belated appeal.

## II. STANDARD OF REVIEW.

"Kentucky statutory law affords trial courts immense discretion in setting criminal penalties." *Howard v. Commonwealth*, 496 S.W.3d 471, 475 (Ky. 2016). "[S]uch decisions are ultimately committed to the trial court's sound discretion," and "we review these rulings for an abuse of discretion." *Id.* "So we will not disturb the trial court's sentencing determination unless convinced that its decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (internal quotations omitted). Further, we review the interpretation of a statute *de novo*, giving no deference to the courts below. *Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky. 2011).

3

## III. ANALYSIS.

### A. Court costs are mandatory in a criminal proceeding and will be waived or modified only upon a showing of "poor person" status.

Court costs in a criminal case are mandated by statute.

(1) Court costs for a criminal case in the Circuit Court *shall be* one hundred dollars ($100).

(2) *The taxation of court costs against a defendant, upon conviction in a case, shall be mandatory* and shall not be subject to probation, suspension, proration, deduction, or other form of nonimposition in the terms of a plea bargain or otherwise, *unless* the court finds that the defendant is a poor person as defined by KRS 453.190(2) and that he or she is unable to pay court costs and will be unable to pay the court costs in the foreseeable future.

(3) If the court finds the defendant does not meet the standard articulated in subsection (2) of this section and that the defendant is nonetheless unable to pay the full amount of the court costs, fees, or fines at the time of sentencing, then the court *may* establish an installment payment plan in accordance with KRS 534.020.

KRS 23A.205 (emphasis added).

Only in one situation is a defendant not responsible for such financial obligation: if the court finds the defendant to be a poor person. If the defendant is not a poor person but, nonetheless, cannot pay the costs at sentencing, the court has discretion in establishing a payment plan.

In *Maynes v. Commonwealth*, this Court distinguished between an indigent/needy defendant and a poor defendant. 361 S.W.3d 922, 928-29 (Ky. 2012). An indigent, or needy, defendant is one who is unable "to provide for the payment of an attorney and all other necessary expenses of representation." *Id.* at 929. "A poor person means a person who is unable to

4

pay the costs and fees of the proceeding in which he is involved without depriving himself or his dependents of the necessities of life, including food, shelter, or clothing." *Id.* (citing KRS 453.190(2)) (internal quotations omitted).

Indigency and public defender appointment determinations require a present tense analysis, while poor person status and the imposition of court costs require consideration of the defendant's present ability to pay and his or her ability to pay in the foreseeable future. *Maynes*, 361 S.W.3d at 929. It is therefore well settled that an indigent defendant receiving the services of appointed counsel is not automatically entitled to a waiver of court costs. The Bell Circuit Court found Elliott to be indigent and in need of public defender services. No determination was made that Elliott was a poor person. We cannot say that the circuit court abused its discretion in imposing costs.

**B. Without a determination, or a request for a determination, of Elliott's financial status, this Court will not review the imposition of court costs.**

After *Maynes*, this Court further clarified the treatment of the imposition of court costs on appeal. In *Spicer v. Commonwealth*, the defendant was convicted of criminal assault and criminal attempt to commit murder, and the court imposed $130.00 in court costs in addition to restitution, a public defender fee, and an arrest fee. 442 S.W.3d 26, 29 (Ky. 2014). Spicer was represented by a public defender and was permitted to proceed *in forma pauperis* on appeal, but the record was void of any additional assessment of Spicer's financial status. *Id.* at 34. The following discussion emanated from the Court:

5

> [T]his Court has inherent jurisdiction to cure . . . sentencing errors. A sentencing issue constitutes a claim that a sentencing decision is contrary to statute . . . or was made without fully considering what sentencing options were allowed by statute. . . .
>
> The assessment of court costs in a judgment fixing sentencing is illegal *only* if it orders a person adjudged to be poor to pay costs. Thus, while an appellate court may reverse court costs on appeal to rectify an illegal sentence, we will not go so far as to remand a facially-valid sentence to determine if there was in fact error. If a trial judge was not asked at sentencing to determine the defendant's poverty status and did not otherwise presume the defendant to be an indigent or poor person before imposing court costs, then there is no error to correct on appeal. This is because there is no affront to justice when we affirm the assessment of court costs upon a defendant whose status was not determined. *It is only when the defendant's poverty status has been established, and court costs assessed contrary to that status, that we have a genuine sentencing error to correct on appeal.*

*Id.* at 35 (second emphasis added).

The same must be true of Elliott here. Elliott did not request that the circuit court make any determination of his status as a poor person, so the circuit's court decision to impose such costs is not illegal. Further, Elliott was not permitted to proceed *in forma pauperis* on appeal like Spicer. Elliott was only appointed counsel "for the limited purpose of evaluating, and reporting to the Court, whether this appeal appears to be a proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense."[2] Therefore, there is no illegal sentence for this Court to correct, and no abuse of discretion in the circuit court's actions. *See also Roe v. Commonwealth,* 493 S.W.3d 814, 830-31 (Ky. 2015).

---

[2] *See* KRS 31.110(2)(c); Order on Motion to Proceed In Forma Pauperis on Appeal, September 25, 2015, Bell Circuit Court.

## C. Court costs are not a component of a plea agreement.

Elliott argues that he had no opportunity to challenge the imposition of court costs. The court costs were not mentioned in his plea agreement and he only became aware of the obligation at sentencing, when another public advocate stood in for Elliott's appointed counsel.

"Fines and costs, being part of the punishment imposed by the court, are part of the sentence imposed in a criminal case." *Travis v. Commonwealth*, 327 S.W.3d 456, 459 (Ky. 2010). However, the mandatory nature of court costs begs distinction. We find the unpublished case from this Court of *Craven v. Commonwealth*, No. 2004-SC-0793-MR, 2006 WL 1650968, *1, at *1 (Ky. June 15, 2006) instructive. Craven pled guilty to complicity to murder and the circuit court ordered her to pay court costs and the costs of defense to the public defender's office. *Id.* Craven appealed, claiming the inclusion of court costs and attorney fees was not authorized because it was not included in her plea agreement. *Id.* Costs were not discussed by either party and the Commonwealth conceded that the plea agreement did not address costs. *Id.* Even so, the Court held that the court costs imposed were not a component of the plea agreement because of the mandatory language in KRS 23A.205(2). *Id.*

In fact, not only are court costs mandated by the General Assembly in criminal cases, but the court is the only authority in waiving costs or establishing a payment plan. Court costs cannot be negotiated in a plea agreement, at least not without some finding by the trial judge that the defendant satisfies the requirements of poor person status delineated in KRS

7

23A.205(2). As such, we renew the holding of *Craven* here: court costs are not part of plea agreements, and the nonimposition of court costs will not be presumed from a silent plea agreement.

## D. Guidance for the bench and bar.

Elliott first filed a motion to convert his court costs into jail time. The Bell Circuit Court denied the motion, stating that there was no authority for the court to convert court costs into a term of imprisonment. The court based its decision on its interpretation of KRS 534.060 applying only to fines.

At the time of Elliott's sentencing, the statute read, in pertinent part, as follows:

> (1) When an individual sentenced to pay a fine *defaults* in the payment of the fine or any installment, the court upon motion of the prosecuting attorney or upon its own motion may require him to show cause why he should not be imprisoned for nonpayment. The court may issue a warrant of arrest or a summons for his appearance.
>
> (2) *Following an order to show cause* under subsection (1), unless the defendant shows that his default was not attributable to an intentional refusal to obey the sentence of the court and not attributable to a failure on his part to make a good faith effort to obtain the necessary funds for payment, the court may order the defendant imprisoned for a term not to exceed:
>
> (a) Six (6) months, if the fine was imposed for the conviction of a felony.

KRS 534.060. (emphasis added). We recognize opinions from our Court of Appeals in which defendants have claimed error in the trial court's imposition of court costs pursuant to KRS 534.060. *See Rice v. Commonwealth*, No. 2013-CA-001812-MR, 2015 WL 5095158 (Ky. App. Aug. 28, 2015); *Menges v. Commonwealth*, No. 2015-CA-000472, 2016

8

WL 552747 (Ky. App. Feb. 12, 2016); *Owens v. Williams*, 955 S.W.2d 196 (Ky. App. 1997). We must conclude that the trial court's denial of Elliott's motion to convert court costs to jail time pursuant to KRS 534.060, based solely on there being no authority to do so, was in error. However, the trial court's error is of no consequence.

We need only look to a plain reading of the statute. The first clause is determinative: "When an individual sentenced to pay a fine *defaults* in the payment of the fine or any installment. . . ." KRS 534.060(1). Additional support is found at the beginning of subsection (2), which states: "Following an order to show cause. . . ." It is clear that the statute is triggered by nonpayment of an obligation. *See Rice*, 2015 WL 5095158, *1, at *2. Because Elliott's obligation was not current, due to his thirty-year prison sentence, and because he had not defaulted on his obligation, court action under the statute was not proper. This conclusion is enhanced by the fact that the determination of whether a defendant has the means to pay court costs is made at sentencing. The obligation must be satisfied within 180 days of release from prison. There is no way for either this Court or the courts below to know if Elliott will in fact default on his obligation upon release. Furthermore, we will not speculate as to such result.

Even though we find that Elliott was not entitled to convert his court costs into a definite jail time, we do want to remind defense counsel that this is an issue that should be properly presented to the trial court upon sentencing. Appointed counsel, knowing that a finding of indigency has already been made,

9

should be proactive in requesting that the court make a determination of poor person status as provided in KRS 453.190(2), if the appropriate facts and circumstances mandate.

## IV. CONCLUSION.

For the foregoing reasons, we conclude that Elliott has not properly preserved the imposition of court costs for our review, and as such, we find no abuse of discretion in the Bell Circuit Court. We affirm.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Erin Hoffman Yang
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Jesse Robbins
Assistant Attorney General

10