RENDERED: MAY 7, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0724-MR

CHARLES R. CAVINS                                                  APPELLANT


                    APPEAL FROM WHITLEY CIRCUIT COURT
v.                  HONORABLE PAUL K. WINCHESTER, JUDGE
                    ACTION NO. 16-CR-00012


COMMONWEALTH OF KENTUCKY                                           APPELLEE



                                OPINION
                        AFFIRMING IN PART,
                        REVERSING IN PART,
                        VACATING IN PART,
                        AND REMANDING

                            ** ** ** ** **

BEFORE: MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

MAZE, JUDGE: Charles Cavins appeals from a post-judgment order of the

Whitley Circuit Court denying his motion to waive costs and attorney fees imposed

as part of his judgment of conviction. He argues that the trial court erred by

imposing the fees without determining his ability to pay. For the reasons that

follow, we conclude that Cavins raised the issue timely and was entitled to a hearing to determine whether he has or will have the ability to pay costs. We further conclude that the trial court clearly erred by requiring Cavins to pay a portion of his attorney fees. Hence, we affirm in part, reverse in part, vacate in part, and remand for additional proceedings.

On January 19, 2016, a Whitley County grand jury indicted Cavins on two counts of first-degree trafficking in a controlled substance (methamphetamine and heroin, respectively), two counts of theft of identity, and one count of being a first-degree persistent felony offender (PFO I). At his arraignment, the court found Cavins indigent and appointed counsel from the Department of Public Advocacy. Thereafter, on September 19, 2017, Cavins entered a guilty plea to one count each of first degree trafficking in a controlled substance and theft of identity.

On September 29, 2017, the trial court entered a final judgment on the plea of guilty, fixing his sentence at a total of five years' imprisonment. The court also ordered Cavins to pay court costs of $130, a fee of $10 to the Kentucky State Police for Internet Crimes against Children Task Force, attorney fees of $450, and $36 in restitution to the Kentucky State Police Lab.[1] The court also added a 5% service fee to each payment. The trial court directed Cavins to pay $50 per month on these fees and costs until paid.

---

[1] Cavins does not challenge the imposition of restitution on appeal.

On March 27, 2019, Cavins filed a motion to dispense with the costs and fees pursuant to KRS[2] 453.190, KRS 31.110, and KRS 534.030. He argued that the fees and costs were not appropriate because he was indigent. On April 22, 2019, the trial court denied the motion. This appeal followed.

Cavins argues that the trial court was not authorized to impose any fees or costs on him because he had previously been found to be indigent for purposes of KRS 31.120(1). However, court costs are not governed by KRS 31.120. Rather, court costs are mandatory "unless the court finds that the defendant is a poor person as defined by KRS 453.190(2) and that he or she is unable to pay court costs and will be unable to pay the court costs in the foreseeable future." KRS 23A.205(2). KRS 453.190(2), in turn, defines a "poor person" as one "unable to pay the costs and fees of the proceeding in which he is involved without depriving himself or his dependents of the necessities of life, including food, shelter, or clothing."

The assessment of court costs in a judgment fixing sentencing is illegal only if it orders a person adjudged to be poor to pay costs. *Spicer v. Commonwealth*, 442 S.W.3d 26, 35 (Ky. 2014). And unlike an indigency determination for public defender appointment, poor person status and the imposition of court costs require consideration of the defendant's present ability to

---

[2] Kentucky Revised Statutes.

pay and his or her ability to pay in the foreseeable future. *Elliott v. Commonwealth*, 553 S.W.3d 207, 211 (Ky. 2018) (citing *Maynes v. Commonwealth*, 361 S.W.3d 922, 929 (Ky. 2012)). Furthermore, the trial court is not obligated to make a determination of the defendant's status as a poor person unless a request is made. *Id.*

The Commonwealth cites to *Rice v. Commonwealth*, No. 2013-CA-1812-MR, 2015 WL 5095158 (Ky. App. Aug. 28, 2015), as holding that a defendant may waive the right to claim indigency in exchange for an otherwise favorable plea agreement. But in *Rice*, the fine and costs were imposed as part of the specific terms of the plea agreement. *Id.* at *1. Furthermore, the defendant in *Rice* sought to convert his fine and court costs into a definite term of imprisonment. This Court concluded that the motion was premature because that remedy is only available after the fine has not been paid. *Id.* (citing KRS 534.060). *See also Elliott*, 553 S.W.3d at 213.

In this case, the plea agreement is silent as to any specific fines or costs, including only form language that "**COURT COSTS, AND ANY FEES, FINES OR RESTITUTION** must be paid as assessed by the Court." (Capitalization and emphasis in original.) Unlike in *Rice*, there was no express or implied agreement that Cavins would waive any objection to costs or fees as part

of his guilty plea.  Therefore, we disagree with the Commonwealth that Cavins is precluded from raising the issue now.

The Commonwealth further argues that there is no error because Cavins did not request a finding that he was a "poor person" at the sentencing hearing.  *Spicer*, 442 S.W.3d at 35.  Here, Cavins waived a final sentencing hearing, so there was no opportunity to raise the issue until the final judgment was entered.  Under the circumstances, we conclude that Cavins was entitled to a determination of whether he was a "poor person" as defined in KRS 453.190(2), whether he is unable to pay court costs now, and whether he will be unable to pay court costs in the foreseeable future.  Thus, we remand this matter for an evidentiary hearing and factual findings on these matters.  We express no opinion whether Cavins will be entitled to a waiver of court costs following that hearing.

Lastly, with respect to the imposition of attorney fees, KRS 31.211(1) provides:

> At arraignment, the court shall conduct a nonadversarial hearing to determine whether a person who has requested a public defender is able to pay a partial fee for legal representation, the other necessary services and facilities of representation, and court costs.  The court shall order payment in an amount determined by the court and may order that the payment be made in a lump sum or by installment payments to recover money for representation provided under this chapter.  This partial fee determination shall be made at each stage of the proceedings.

The trial court made the initial determination that Cavins was indigent and entitled to appointment of counsel. There is no record of any hearing in which the trial court later found good cause to determine Cavins should not continue to be considered an indigent person. Without such findings, the trial court's imposition of a $450.00 attorney fee was improper. *Spicer*, 442 S.W.3d at 35. Therefore, we must vacate that fee.

Accordingly, we vacate the sentence imposed by the Whitley Circuit Court requiring Cavins to pay attorney fees. We reverse the sentence imposed requiring Cavins to pay costs and remand this matter for a hearing and additional findings, concerning Cavins' ability to pay the amount now and in the foreseeable future. We affirm the remaining portions of the trial court's judgment and sentence.

TAYLOR, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS AND FILES SEPARATE OPINION.

THOMPSON, K., JUDGE, CONCURRING: I concur as I agree that it is appropriate to vacate attorney fees and reverse and remand for a hearing regarding Cavins's ability to pay costs. I write separately to address the imposition of facially invalid restitution.

In the final judgment, the trial court ordered Cavins to pay $36 in restitution to the Kentucky State Police Lab. No written explanation was given as to why this restitution was due. I can only conclude that this amount may have related to lab tests conducted to establish that the substances seized from Cavins were in fact methamphetamine and heroin. There appears to be no valid basis for ordering reimbursement of such lab costs to the Kentucky State Police Lab as restitution.

"Restitution" is defined as meaning "any form of compensation paid by a convicted person to a victim for counseling, medical expenses, lost wages due to injury, or property damage and other expenses suffered by a victim because of a criminal act[.]" Kentucky Revised Statutes (KRS) 532.350(1)(a). As explained in *Fields v. Commonwealth*, 123 S.W.3d 914, 918 (Ky.App. 2003), "even where there is a guilty plea, the record must establish an adequate factual predicate for a restitution order."

In *Vaughn v. Commonwealth*, 371 S.W.3d 784, 786 (Ky.App. 2012), the Court reversed restitution orders requiring payment for extradition expenses, explaining: "the Commonwealth simply was not a victim who suffered a loss as a result of criminal acts committed by the Appellants; consequently, the trial courts were without statutory authority to order the Appellants to pay restitution to the Kentucky State Treasury for extradition expenses. *See* KRS 532.350(1)(a)."

-7-

Cases from our sister courts explain when the government does and does not qualify as a victim for purposes of restitution. They contrast the government's entitlement to restitution when it is a victim as a direct result of criminal conduct (such as when a suspect causes damage to a police vehicle) from the collateral expenses that are normally incurred for regular law enforcement activities. *See City of Centerville v. Knab*, 2019-Ohio-1903, ¶¶ 24-34, 136 N.E.3d 808, 814-16 (2019); *State v. Shears*, 920 N.W.2d 527, 539 (Iowa 2018); *People v. Ford*, 2016 IL App (3d) 130650, ¶ 29, 49 N.E.3d 954, 959-60 (2016); *State v. Storlie*, 2002 WI App 163, ¶ 8, 256 Wis. 2d 500, 505, 647 N.W.2d 926, 928 (2002); *People v. Barnett*, 237 A.D.2d 917, 918, 654 N.Y.S.2d 918, 919 (N.Y. App. Div. 1997); *State v. Depaoli*, 835 P.2d 162, 163-64 (Utah 1992). Under this reasoning, lab fees for drug testing are not considered to be appropriate for restitution because a state's lab is not a "victim" of the crime committed. *Aguilar v. State*, 279 S.W.3d 350, 353-54 (Tex. App. 2007).

While there are states that do permit trial courts to order convicted felons to pay lab fees, payment is ordered pursuant to statutes directly authorizing such payment as a cost rather than pursuant to their restitution statutes. *See, e.g.*, *State v. Jones*, 216 N.C. App. 519, 528, 718 S.E.2d 415, 422 (2011); *Daniels v. State*, 656 So. 2d 251, 251-52 (Fla. Dist. Ct. App. 1995). We do not have an analogous statute.

The Commonwealth failed to provide any factual basis to establish that Kentucky State Police Lab is a victim entitled to restitution and it appears that such restitution was wholly unjustified. I caution the Commonwealth and trial courts that pursuing and imposing restitution where there is no victim is unauthorized by KRS 532.350(1)(a) and if appropriately challenged, warrants reversal. However, because Cavins failed to raise this issue, he waived any error.

Accordingly, I concur.

BRIEF FOR APPELLANT:

J. Ryan Chailland
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Leilani K.M. Martin
Assistant Attorney General
Frankfort, Kentucky